[L.A. No. 29838. In Bank. July 1, 1971.]

In re Reprimand of GRANT BURR COOPER,
a Member of the State Bar.

**COUNSEL**

Joseph A. Ball and Herman F. Selvin for Grant Burr Cooper.

F. LaMar Forshee, Herbert M. Rosenthal and Ronald W. Stovitz for the State Bar.

## OPINION

**THE COURT.**[1]—Grant Burr Cooper, admitted to practice in 1927, pleaded guilty and was convicted on two counts of a federal grand jury indictment charging him with contempt of court (18 U.S.C. § 401). One count (count 3) charged him with "wilfully and knowingly" violating rule 6 of the Federal Rules of Criminal Procedure by obtaining and using recorded grand jury testimony that had not yet been released from the secrecy provisions of that rule. The other count (count 4) charged him with misbehaving in the presence of a federal court and so near thereto as to obstruct the administration of justice, in that during an inquiry by that court concerning the grand jury transcripts obtained in violation of rule 6, he "knowingly and wilfully" made specified false statements concerning the source from which he obtained those transcripts. The federal court imposed a $500 fine on each count. We referred the matter to the State Bar for a hearing, report and recommendation on the question whether the facts and circumstances surrounding the commission of the offenses to which Cooper pleaded guilty involved moral turpitude[2] and, if so, what discipline should be imposed. Following a hearing, the local committee concluded that Cooper's conduct did not involve moral turpitude. Upon review, however, the Disciplinary Board determined that Cooper's conduct with respect to count 4 of the indictment did involve moral turpitude, and the board recommended that this court impose some discipline upon him.

This court, after reviewing the entire record and considering all the facts and circumstances, has concluded that Cooper's conduct did involve moral turpitude and that he should be publicly reprimanded. This opinion will serve as such reprimand.

---

[1]Burke, J., did not participate therein.

[2]Under section 6101 of the Business and Professions Code, conviction of an offense involving moral turpitude constitutes cause for discipline.