[S.F. No. 23406. July 8, 1976.]

RAYMOND L. MUSHRUSH, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

John H. Finger, Robert J. Dauphin and Hoberg, Finger & Brown for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

OPINION

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar that petitioner Raymond L. Mushrush be suspended from the practice of law for one year. Petitioner was admitted to practice in 1959 and has not been involved in any other disciplinary proceeding.

In June 1968 petitioner was retained by DeWayne Titus to represent Transocean Terminals, Inc. (TOT) in an attempt to prevent foreclosure on corporate real property valued at several million dollars. He filed chapter XI proceedings under the Bankruptcy Act and obtained an order restraining a scheduled trustee's sale.

The security holder produced a buyer for the TOT property whose identity was kept from petitioner. The agreement provided for the purchase by the same buyer of a second smaller parcel owned by another Titus controlled corporation. Titus and the security holder negotiated the transaction; petitioner did not participate.

On January 14, 1969, petitioner obtained an order of the bankruptcy court confirming the sale of the TOT property. Petitioner advised the bankruptcy court of the concurrent sale of the smaller parcel and expressed his understanding that it was to occur at a loss. The order confirming sale did not mention the concurrent sale of the smaller parcel as it was not owned by the debtor corporation TOT.

Although Titus' house counsel drafted the escrow instructions for the sale, petitioner alone attended the escrow closing on January 24 and 27, 1969. Until then he was unaware of the details of the sale of the smaller parcel.

At close of escrow petitioner, at the direction of Titus, initialed a change in the seller's escrow instructions for the smaller parcel reducing the amount due to $638,694.69. Petitioner then receipted for a title company check in this amount, added a cover letter later, and personally delivered the check to Titus at the latter's office.

During the October 1969 reopened bankruptcy proceedings and these disciplinary proceedings, petitioner stated that he never saw the check; that he was unaware of its significance; and that he was unaware Titus was to receive the entire proceeds of the sale of the smaller parcel.[1]

Concluding that petitioner learned facts in late January imposing upon him a duty to advise the bankruptcy court of the payment to Titus and that petitioner made false statements in the reopened bankruptcy proceedings and the present disciplinary proceedings, the local committee recommended petitioner be suspended for six months. This recommendation was increased to one-year suspension by the board.

Neither the local committee nor board found that petitioner acted improperly in securing the January 14 sale confirmation order. The

[1]Petitioner has asked us to take judicial notice of the findings of fact, conclusions of law, and judgment in a legal malpractice action brought by Titus against him and in which he prevailed. The court determined petitioner had not been fully advised of the nature or terms of the transactions during their pendency by Titus and was told nothing which would lead him to make any disclosure to the bankruptcy court or TOT's creditors. Specifically, the court found that petitioner had no knowledge of the proceeds going to Titus until the last day of closing, January 27, 1969. The decision is now on appeal. We grant petitioner's motion on the authority of Evidence Code section 452, subdivision (d), and *Yokozeki v. State Bar* (1974) 11 Cal.3d 436, 444 [113 Cal.Rptr. 602, 521 P.2d 858], with due recognition that we are not bound by the superior court's findings (*Lee v. State Bar* (1970) 2 Cal.3d 927, 941 [88 Cal.Rptr. 361, 472 P.2d 449]; *Yokozeki v. State Bar, supra,* 11 Cal.3d 436, 444).

evidence reflects that at this time petitioner was unaware of the sale details of the smaller parcel and that petitioner advised the bankruptcy court of the concurrent sale and his understanding that Titus was selling at a loss. It does not appear that the bankruptcy judge or anyone else asked petitioner to secure details of the transaction or that petitioner misrepresented his understanding of the transaction.

The bar does not contend that when petitioner learned some of the sale details of the smaller parcel during the close of escrow, he should have stopped the closing. To do so would have been contrary to the bankruptcy court's confirmation and involved the risk that the buyer might seek to withdraw from the transaction. Although the size of the payment for the smaller parcel may have been a suspicious circumstance, it does not appear that the transaction was unfair to TOT creditors, that the price paid was excessive, or that petitioner learned facts during the escrow closing which should have precluded the sale.

■ While urging that petitioner should have notified the bankruptcy judge of the smaller parcel payment, the bar does not inform us as to what proceedings petitioner should have instituted after completion of the sale. The bar does not urge that petitioner should have moved to set aside the sale. Petitioner was aware of a suspicious circumstance; the size of the check did not establish fraud.

We conclude that cause for discipline is not established by the lack of notification to the bankruptcy judge.

■ However, the record clearly supports the findings that petitioner made false statements in denying knowledge of the size of the smaller parcel check. Reviewing the entire record and considering the facts, this court concludes that petitioner's conduct involved moral turpitude and that he should be publicly reprimanded. (Cf. *In re Cooper* (1971) 5 Cal.3d 256, 257 [95 Cal.Rptr. 646, 486 P.2d 174].) This opinion will serve as such reprimand.