(No. 42896.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES J. PARDO, JR., Appellant.

*Opinion filed Nov. 18, 1970.—Rehearing denied Jan. 27, 1971.*

THOMAS F. PIERCE, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and WILLIAM V. HOPF, State's Attorney, of Wheaton, (JAMES B. ZAGEL, Assistant Attorney General, and MALCOLM J. SMITH, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Following a bench trial in the circuit court of Du Page County, the 17-year-old defendant, Charles Pardo, was found guilty on four counts of burglary and three counts of theft, and sentenced to five years probation, the first year to be served in the Illinois State Prison Farm at Vandalia.

Defendant appeals directly to this court raising constitutional questions. Supreme Court Rule 603, 43 Ill.2d R 603.

On September 23, 1968, Pardo was apprehended in Rock County, Wisconsin, after a high-speed automobile chase by Wisconsin State police, and arrested for violation of Wisconsin traffic laws. A registration check of the vehicle driven by him revealed that it had been reported stolen earlier that day in Hinsdale, Illinois. The Hinsdale Police Department was notified, and two officers from that department drove to the Rock County jail on September 24 to interview the defendant. Pardo agreed to waive extradition and was taken to the home of a local judge who signed the extradition order after determining that the waiver was voluntary. The defendant was then driven to the Hinsdale police station by the officers. On the afternoon of September 25, he was transferred to the Du Page County jail in Wheaton, Illinois. While in custody there, and after having been sufficiently advised of his constitutional rights, Pardo confessed to four burglaries and two additional automobile thefts committed in Du Page County between August 3, 1968, and September 23, 1968. The grand jury of Du Page County returned five separate indictments charging Pardo with these offenses as well as the theft of the automobile which he had driven to Wisconsin. A motion to dismiss the indictments and for institution of proceedings under article 2 of the Juvenile Court Act (Ill. Rev. Stat. 1967, ch. 37, par. 702—1 et seq.) was denied and defendant appealed to this court. We granted the State's motion to strike the notices of appeal.

The cases were consolidated for trial and for hearing on a motion to suppress the confessions and other evidence which was subsequently denied. The record fully supports the trial court's ruling on this motion, and apparently defendant does not dispute the point further on appeal.

Defendant's first contention is that the extradition hearing in Wisconsin was, in effect, an adjudication of his stand-

ing as a juvenile and he was thus entitled to the assistance of counsel. (*Kent* v. *United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045.) The basis of this contention is that in this State a 17-year-old male defendant must be prosecuted as an adult (Ill. Rev. Stat. 1967, ch. 37, par. 702—7(4), while under the Wisconsin Children's Code (Wis. Stat. 1967, ch. 48, par. 48.02(3)) and the Federal Juvenile Delinquency Act (18 USC 5031), he is a juvenile, who may or may not be tried as an adult. Pardo argues that when he was extradited to Illinois he was unconstitutionally deprived of his standing as a juvenile under the laws of the United States and the State of Wisconsin. We do not agree. Whatever juvenile standing Pardo had in Wisconsin is clearly irrelevant to his prosecution for crimes committed in Illinois where his standing as an adult is not subject to adjudication. He was not, as alleged, "removed from the federal jurisdiction" and his juvenile status under Federal law was unaltered by extradition.

Defendant further contends that his waiver of extradition was ineffective because he was a minor and it was not knowingly and voluntarily made. "We have held that alleged irregularities in the manner in which a defendant is returned to this State on extradition for trial on a criminal charge will not be inquired into, since these matters affect neither the guilt nor innocence of the accused nor the jurisdiction of the court to try him." (*People* v. *Partelow,* 26 Ill.2d 606, 607; *People* v. *Klinger,* 319 Ill. 275.) The power of a court to try a person for a crime is not impaired even by the fact that he had been brought within the jurisdiction by forcible abduction. (*Frisbie* v. *Collins,* 342 U.S. 519, 522; 96 L. Ed. 541, 72 S. Ct. 509.) Whether or not defendant voluntarily agreed to return to this State, the validity of the judgments entered against him here is not affected.

Defendant next argues that the classification under article 2 of the Illinois Juvenile Court Act (Ill. Rev. Stat. 1967, ch. 37, par. 702—1 *et seq.*) of minors by age, accord-

ing to sex, is constitutionally prohibited in that it discriminates against 17-year-old males in favor of 17-year-old females, since females may be considered juveniles until 18 years of age whereas males are not subject to juvenile proceedings after becoming 17. "The classification of objects, subjects, groups or persons for legislative purposes is, primarily a question for the legislature and courts will not interfere unless such classification is clearly unreasonable and palpably arbitrary." (*Jacobson* v. *Lenhart*, 30 Ill.2d 225, 227; *Du Bois* v. *Gibbons*, 2 Ill.2d 392.) In *Jacobson* we stated that "it requires neither extended discussion nor citation of authority for the proposition that age and the differences existing between the sexes are proper bases for legislative classification." (30 Ill.2d at 227.) Illinois has not been unique in distinguishing between males and females on the basis of age for the purpose of determining their juvenile status. (See, *e.g.,* Vernon's Ann. Tex. Civ. Stat., art. 2338—1, sec. 3; 10 Okla Stat. (1969 supp.) sec. 1101.) This distinction seems to be neither invidious nor arbitrary and is well within the legislative discretion.

Defendant lacks standing to object to the vesting of discretion in the State's Attorney under the Juvenile Court Act (Ill. Rev. Stat. 1967, ch. 37, par. 702—7(3)) to proceed against a juvenile either under the juvenile law or the criminal law, because Pardo is not a juvenile, and the prosecutor had no discretion with regard to this case.

The final argument made by defendant is that the effect of his conviction of burglary, which is an infamous crime in Illinois (Ill. Rev. Stat. 1967, ch. 38, par. 124—2), is cruel and unusual punishment, as applied to him, and not proportioned to the offense. This provision denying certain substantial civil rights to one convicted of specified crimes is applied uniformly to all persons convicted under the Criminal Code of an infamous crime, and the legislature must be presumed to have foreseen its application to a 17-year-old defendant. Pardo was convicted on four counts of

burglary as well as three counts of theft, and the sentence imposed with resultant loss of civil rights was, in our judgment, neither cruel and unusual nor disproportionate to the nature of the offense.

The judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*