The People of the State of Illinois, Plaintiff-Appellee, *v.* Willie J. Perkins, Defendant-Appellant.

(No. 56291;

First District—September 29, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This appeal is from a conviction based on a plea of guilty and a sentence of 5 to 8 years for armed robbery. The sentence is to run consecutively to a prior 5-year sentence defendant is presently serving in Tennessee.

On May 10, 1972, the Public Defender, as appointed counsel for defendant on appeal, filed a petition for leave to withdraw on the ground that he was unable to discover any valid legal points which were arguable on their merits. He also filed a brief in support of his petition in accordance with the requirements of *Anders v. California,* 386 U.S. 738.

Our study of the record indicates that defense counsel has conscientiously presented every aspect of the case with respect to the possibility of error in the change of defendant's plea from not guilty to guilty and the court's acceptance thereof. Defendant was being advised at the time by privately retained counsel who informed the court that he had had more than one lengthy conference with his client and that it was the latter's wish to enter a plea of guilty.

The judge himself then took over the direct questioning of defendant in order to ascertain that defendant's action was being taken understandingly, and that he was fully advised of his rights and the consequences of his plea pursuant to Section 115—2 of the Illinois Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 115—2), and Supreme Court Rule 402. (Ill. Rev. Stat. 1971, ch. 110A, par. 402.)

Seldom have we seen such a patient and careful exposition of a defendant's rights in this regard as is contained in this record. The trial court became thoroughly convinced, as we are, that defendant's plea was being made voluntarily, with a very knowledgeable understanding of what he was doing and all its attendant circumstances. Defendant, himself, affirmatively responded to many of the court's statements and questions, including the critical one that, notwithstanding the consequences, he persisted in his plea of guilty.

■■ While defense counsel have cited numerous cases in this regard, we find it unnecessary to refer to them as they merely expound upon the pertinent statute and rule which are themselves clear and understandable in their directions. We find no error in the court's acceptance of defendant's guilty plea.

Upon receipt of the instant petition to withdraw, copies of both petition and brief were served on defendant personally at the Tennessee State Farm, and he was notified by this court that he would be given time to file any points he might choose in support of his appeal, after which the court would make a full examination of the record and all briefs in deciding the case.

■■ Defendant replied and raised only one point, namely, that his guilty plea had been "pressured" because of the fact that he had been illegally transported from Tennessee to Illinois for trial without proper extradition proceedings. We have no knowledge of the facts in this regard, but in our opinion, there is no merit to this point in any event. In *Frisbie v. Collins*, 342 U.S. 519, 522, the defendant had been returned to the trial state by kidnapping, and the court upheld his conviction, stating "There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he

was brought to trial against his will." See also *People v. Pardo*, 47 Ill.2d 420, 265 N.E.2d 656, and cases there cited as to the inconsequence of irregularities in extradition proceedings.

■■ After a full examination of all the proceedings in accordance with the dictates of *Anders, supra,* we conclude that the legal points raised are not "arguable on their merits," and that the appeal is "wholly frivolous." Defense counsel is therefore given leave to withdraw and the judgment is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.