**Ex parte Amy Louise JETTER.**

**No. 47035.**

Court of Criminal Appeals of Texas.

June 13, 1973.

David E. Pickett, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order of habeas corpus remanding appellant to custody for extradition to the State of Florida.

The Governor's warrant was admitted into evidence. It appears regular on its face and makes out a prima facie case authorizing extradition. Ex parte Dumas, Tex.Cr.App., 487 S.W.2d 753, and cases there cited.

Appellant's two contentions relate to her status as a juvenile. She first contends that the 194th District Court did not have jurisdiction to hear her application for writ of habeas corpus in this extradition proceeding because she had not been certified as an adult in either Texas or Florida. She also contends that Florida should have proceeded under the Uniform Interstate Compact on Juveniles, Article 5143, Vernon's Ann.Civ.St., rather than the Uniform Criminal Extradition Act, Article 51.13, Vernon's Ann.C.C.P.

Whether appellant will have to be certified as an adult to stand trial for the crime in the State of Florida once she is extradited is a question for the courts of the State of Florida to determine and not one for the courts of the State of Texas. Cf. Ex parte Watson, Tex.Cr.App., 455 S. W.2d 300, and the cases cited therein.

Further, we find no limitation in the Uniform Criminal Extradition Act excluding minors from its operation. It should be remembered that the State of Florida

is not asking for the return of this petitioner to answer the charge of being a juvenile delinquent, but is seeking her delivery to stand trial for the offense of murder in the first degree.

We find each ground of error to be without merit. The judgment remanding appellant to custody for delivery to the State of Florida is affirmed.

ONION, P. J., dissents.