516 P.2d 700

**Rhoda SNYDER as the parent and natural guardian of George Edward Ackley (also known as Ed Ames) for a Writ of Habeas Corpus, Appellant,**

v.

**The STATE of Idaho, Respondent.**

**No. 11265.**

Supreme Court of Idaho.

Dec. 10, 1973.

Miller, Weston & Tunnicliff, Caldwell, for appellant

W. Anthony Park, Atty. Gen., Ronald D. Bruce, Asst. Atty. Gen., Boise, C. Robert Yost, Canyon County Pros., Caldwell, for respondent.

McQUADE, Justice.

This action arises out of an extradition proceeding commenced by the State of Colorado to obtain custody of the petitioner-appellant, George Edward Ackley. At the time of the original proceeding the petition was a seventeen year old resident of the State of Idaho.

On July 5, 1972, the magistrate's court, of the Third Judicial District in Canyon County, found the petitioner within its juvenile jurisdiction because of public drunkenness and placed him on probation for one year. The State of Colorado alleges in its request for extradition that on November 1, 1972, during the Idaho juvenile probation period, the petitioner committed the crime of murder in the first degree in Colorado. After the alleged murder, the petitioner was found in Pocatello, Idaho, and he was transferred to the juvenile authorities in Canyon County for a probation violation hearing.

A warrant for the arrest of the petitioner charging him with murder in the first

degree was issued on November 9, 1972, by a district court of the State of Colorado, and on November 17, 1972, a fugitive warrant was issued by the Canyon County magistrate court based on the Colorado charge. The Idaho warrant was served on the petitioner while he was in custody at the Canyon County juvenile detention quarters. On December 18, 1972, Rhoda Snyder, as parent and guardian of the petitioner and on his behalf, petitioned for and was granted a writ of habeas corpus challenging his extradition. The governor of Idaho, Cecil D. Andrus, signed an extradition warrant on January 2, 1973, which ordered the petitioner extradited to Colorado. On January 4, 1973, the district court issued an order holding that the writ of habeas corpus issued on December 19, 1972, be quashed. The petitioner appeals from that order to this Court.

The initial contention of the petitioner is that since he is being held under the jurisdiction of the Idaho juvenile court that before he can be extradited to Colorado where he is charged as an adult, a hearing must be held by the juvenile court in accordance with I.C. § 16–1806 to determine whether it should waive its jurisdiction over him and allow him to be charged as an adult. The district court held that a hearing was unnecessary when it quashed the petitioner's writ of habeas corpus. To determine whether the petitioner is entitled to a juvenile court hearing, the laws of extradition must be briefly discussed.

█ The United States Constitution provides for the interstate extradition of persons charged with a crime in one state and found in another[1] and the United States Congress has enacted an enabling statute.[2] The Idaho Legislature has enacted procedures to be followed by the governor and courts of this state upon receipt of a request for extradition.[3] The petitioner's first allegation of error does not challenge Colorado's compliance with the Idaho procedures for requesting extradition, but instead contends that in addition to the extradition procedures a hearing must be held by the juvenile court to determine whether it should waive its jurisdiction over him. This Court has limited the scope of review in extradition proceedings to the issues of the truth and sufficiency of the recitals in the rendition warrant and the authority for the warrant.[4] Attempts to expand the inquiry to issues beyond the procedural sufficiency of extradition requests such as the motivation of the demanding state[5] or the sufficiency of the demanding state's pleading in its affidavit or indictment[6] have been rejected by this Court. Similarly, the petitioner's assertion that the juvenile court must hold a hearing to release its jurisdiction over him is beyond the extradition procedural requirements and thus will not be considered by this Court.[7] In the case of People v. Pardo the Supreme Court of Illinois reached a similar result. In that case the fugitive was arrested in Wisconsin and he waived extradition to Illinois. After his return to Illinois he challenged his extradition from Wisconsin on the ground that he had been deprived of his Wisconsin juvenile status. That Court held,

> "Whatever juvenile standing Pardo had in Wisconsin is clearly irrelevant to his prosecution for crimes committed in Illinois where standing as an adult is not subject to adjudication."[8]

Since the petitioner's juvenile status is irrelevant to the question of whether the ex-

1. U.S.Const., art. IV, sec. 2, cl. 1.

2. 18 U.S.C. § 3182.

3. I.C. § 19–4501 et seq.

4. Fenton v. State, 91 Idaho 149, 417 P.2d 415 (1966); In re Martz, 83 Idaho 72, 357 P.2d 940 (1960).

5. Norton v. State, 93 Idaho 648, 470 P.2d 413 (1970).

6. Smith v. State, 89 Idaho 70, 403 P.2d 221 (1965), cert. denied 383 U.S. 916, 86 S.Ct. 966, 15 L.Ed.2d 669 (1966).

7. People v. Pardo, 47 Ill.2d 420, 265 N.E.2d 656 (1970).

8. People v. Pardo, supra, note 7, 265 N.E.2d at 658.

tradition procedures have been fulfilled, this Court need not pass on his assertion of a right to a juvenile court hearing.

The petitioner's second allegation of error involves the validity of the Colorado indictment. One of the elements that is required in I.C. § 19–4505 to be shown by the demanding state before Idaho will grant extradition is that the alleged fugitive is lawfully charged with a crime. The petitioner contends that the case of Kent v. United States[9] and our decision in Hayes v. Gardner[10] hold that before a minor can be charged with a crime as an adult he has a constitutional due process right to a hearing before a juvenile court to determine whether the accused should be charged as a minor or adult. In accordance with a provision of the Colorado Juvenile Code,[11] the petitioner was charged as an adult without a hearing. The petitioner contends that since no juvenile court hearing was held in Colorado before he was charged as an adult, his constitutional right of due process of law was denied and thus he was not lawfully charged with a crime in Colorado. It has been held that the court in the asylum state in extradition proceedings should not review the constitutionality of the statute that is alleged to have been violated in the demanding state.[12] Similarly in this · action, this Court should not decide the question of whether the petitioner was denied due process of law by the Colorado charging procedures. The petitioner will have his day in court in Colorado where the due process defense to the indictment may be asserted.

Both of the petitioner's allegations of error in the district court's decision to quash his writ of habeas corpus are outside this Court's scope of review. The district

court's order quashing the writ of habeas corpus is affirmed.

DONALDSON, C. J., and SHEPARD, McFADDEN and BAKES, JJ., concur.

9. 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

10. 95 Idaho 137, 504 P.2d 810 (1972).

11. Colorado Code § 22–1–4(4)(b).

12. Ex parte Leach, 478 S.W.2d 471 (Tex.Cr. App.1972); Fisco v. Clarke, 243 Or. 466, 414 P.2d 331 (1966); In re Cooper, 5 Cal.3d 256, 3 Cal.Rptr. 140, 349 P.2d 956 (1960) cert. denied 364 U.S. 294, 81 S.Ct. 104, 5 L.Ed.2d 83 (1960); Ex parte Key, 164 Tex.Cr.R. 524, 301 S.W.2d 90 (1957).