No. 14962

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

CHARLES L. CRABTREE,

Petitioner and Respondent,

vs.

THE STATE OF MONTANA and
MARVIN DAGEL, Sheriff,

Respondents and Appellants.

---

Appeal from:  District Court of the Third Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellants:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris Tweeten, Assistant Attorney General, argued,
Helena, Montana

For Respondent:

Richardson and Richardson, Butte, Montana
William Richardson argued, Butte, Montana

---

Submitted:  January 14, 1980

Decided: MAR 10 1980

Filed:  MAR 10 1980

_Thomas J. Karney_
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the State of Montana from an order of the District Court, Third Judicial District, in and for Granite County, which released the petitioner, Charles L. Crabtree, from custody of the County Sheriff who was holding him pursuant to an extradition request from the State of Oregon.

The issue before this Court is whether the trial judge erred in considering the merits of the Oregon charges against Crabtree when deciding whether or not he should be extradited to the State of Oregon.

The petitioner and his wife Corrine A. Melton (Crabtree) were divorced on February 27, 1970 in the Clackamas County Circuit Court. That court ordered petitioner to pay $225 per month for the support of the parties' three children. The wife had difficulty collecting the support payments from the petitioner. In July 1970, she sought the assistance of the Clackamas County District Attorney in contacting the petitioner to collect payments. Petitioner was located in Phillipsburg, Montana, where he resided. He owns and operates a logging company in Granite County. Petitioner agreed to pay the wife $150 per month for child suppport, but in the first ten months of 1972, the wife reported that she received only five support payments. In September 1973, the Clackamas County Circuit Court determined that the petitioner was $1500 in arrears for support payments.

In 1975, a Clackamas County grand jury returned a three count indictment for nonpayment of child support against the petitioner. Warrants for petitioner's arrest were sent to the Granite County Sheriff. Although no arrest was made, on

October 31, 1976, the Granite County District Court entered an order requiring the petitioner to pay $150 per month for the support of the three children.

Petitioner made only three payments between August 1976 and January 1977, and on August 22, 1978, the Clackamas County grand jury indicted the petitioner for two counts of criminal nonsupport, a class C felony in Oregon. The records of the Clackamas County Circuit Court show that in 1978 only one payment was received from the petitioner.

The Governor of Oregon signed a requisition seeking extradition of the petitioner to Oregon for a trial in Clackamas County on two counts of criminal nonsupport. Upon receipt of the requisition, Governor Thomas Judge of Montana issued a warrant for the arrest of petitioner and for his deliverance to the authorized agent of the Governor of Oregon.

Petitioner was arrested by the Granite County Sheriff on April 19, 1979, and filed a petition with the District Court in which he named the State of Montana as plaintiff and himself as defendant, and sought relief by means of a writ of habeas corpus. Each party filed a brief and memorandum in support of its position, and the District Court held a show cause hearing on July 24, 1979. The court's order of August 7, 1979 ordered the release of petitioner from the custody of the Granite County Sheriff and required the petitioner to pay $100 per month for the support of his two sons. It is from this order that the State of Montana appeals.

This case involves an interpretation of the interaction between Montana's Uniform Reciprocal Enforcement of Support Act and the Uniform Criminal Extradition Act. This appears

to be a case of first impression in Montana.

The appellant State's argument is based on its contention that the extradition of petitioner is for a criminal charge and that a judicial review of the propriety of the extradition order must be limited to the inquiry permitted by the United States Supreme Court in the case of Michigan v. Doran (1978), ___ U.S. ___, 99 S.Ct. 530. See also State v. Booth (1958), 134 Mont. 235, 328 P.2d 1104; In re Hart (1978), ___ Mont. ___, 583 P.2d 411, 35 St.Rep. 1234. In Doran, the petitioner sought a writ of habeas corpus in order to avoid extradition for charges of theft of a motor vehicle and theft by embezzlement. The United States Supreme Court held that the Michigan Supreme Court erred when it reversed the trial court's denial of the habeas corpus petition.

The Doran decision is based on the Court's interpretation of Article IV, Section 2 of the United States Constitution which provides:

> "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

The Supreme Court held that Article IV, Section 2 prohibited courts in the asylum state from reviewing the determination of a neutral magistrate in the demanding state that probable cause to support the extradition demand existed. The Court stated that once the governor of the asylum state granted extradition, a court considering release on habeas corpus can do no more than decide " (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state;

(c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."  Doran, supra, at 535.

In the present case, Winston L. Bradshaw, presiding judge of the Clackamas County Circuit Court, certified that he investigated the facts and circumstances of the case, and that the merits of the case warrant application for requisition. The Governor of the State of Montana has determined that the copy of the requisition and other duly authenticated papers filed with the demand justify the exercise of his discretion in granting extradition.  Therefore, the State argues that Duran, supra, limits the inquiry of the Montana courts to the four points stated within the opinion.

The petitioner argues that Duran does not apply to his petition because the charge against him is based on his alleged failure to comply with the child support order, which is civil and not criminal.  He analogizes his duty of support to other duties involving family matters, such as custody matters.  He argues that the petition for habeas corpus of a child detained contrary to a custody order is treated as a civil matter, and that the court in determining the merits of the petition has determined that the child is illegally detained, relying upon In re Thompson (1926), 77 Mont. 466, 251 P. 163.

We find no merit in this argument.  Here the petitioner was indicted for a criminal offense, criminal nonsupport, which is listed as a class C felony in the State of Oregon. The State of Oregon clearly contemplates criminal proceedings against petitioner as its requisition for extradition stated that he had committed a crime in the State of Oregon and that there was no hope of success in initiating further pro-

-5-

ceedings against him under URESA. Even the petitioner's own petition seeks release from extradition for criminal charges and is clearly distinguishable from cases he cites where the habeas corpus proceeding was determined to be civil.

Petitioner has given us no case authority, nor does there appear to be any reason from those cases cited by him for distinguishing Duran from the present case.

We find that section 46-30-225, MCA, as well as the holding of the United States Supreme Court in Duran, require the reversal of the District Court's order granting release of the petitioner. The matter is returned to the District Court of Granite County reinstating the proceeding and granting the Oregon request for extradition.

John Conway Harrison
Justice

We concur:

Frank I. Haswell
Chief Justice

Gene B Daly

John C. Sheehy
Justices

Mr. Justice Daniel J. Shea will file an opinion later.