OPINION OF THE COURT
Stanley Gartenstein, J.
The within fugitive proceeding underscores the confusion surrounding interstate jurisdiction over juveniles and is an apparent effort to utilize the extradiction statutes of this State (CPL art 570) to fill a gap in juvenile justice which they were never meant to address and/or remedy.
Both defendants before the court are juveniles who allegedly escaped from the Morris County Youth Center, a secure detention facility within the State of New Jersey. They are residents of New York State. By petition dated June 30, 1980 filed in the Morris County Juvenile Court, both were charged with juvenile delinquency in the State of New Jersey. It is alleged that they escaped from detention on July 28, 1980 and that they have been at large within this State ever since. On May 22, 1981, the Morris County Sheriff’s Department forwarded a warrant for the apprehension of both defendants to the New York City Police Department for execution. Both were apprehended on June 17, 1981; arraigned before a Judge of this court; and remanded to this part pending extradiction and/or a Governor’s warrant. They now move to dismiss for want of jurisdiction.
*706 At the outset, it must be noted that under both New York and New Jersey law, defendants who are 15, are below the age of criminal responsibility fixed in New York at 16 (Family Ct Act, art 7) and in New Jersey at 18 (NJ Stats Ann, § 2A:4-43). Thus, liability for the crime of escape defined in substantially similar terms by both States (Penal Law, 205.10, subd 1; NJ Stats Ann, § 2c:29-5) cannot attach to defendants under the law of either State, the heaviest degree of criminal culpability for this underlying act in either State, being an adjudication of delinquency supported by a finding that said act would be a crime if committed by an adult. Looking to the law of either jurisdiction, there is no extradictable crime as a threshhold for triggering the fugitive provisions of CPL 570.06 which specifically requires the commission of a crime in the seeking State.
The intriguing possibility is presented that inasmuch as the State of New Jersey has waiver provisions wherein and whereby the juvenile court’s jurisdiction may be waived by it in favor of the criminal courts on a proper finding after traditional “due process” criteria (NJ Stats Ann, § 24:4-48; cf. Kent v United States, 383 US 541) that the act in question, being at least an inchoate crime in the seeking State, is sufficient to support New York’s statutory requirement that a “crime” form the basis of the seeking State’s application.
The act of escape from a juvenile facility as a basis for an adjudication of delinquency (viz., criminal liability but for the protective shield of article 7 of the Family Court Act) has been the subject of a learned opinion by my brother, the Honorable Edward J. McLaughlin, Administrative Judge of the Onondaga County Family Court (Matter of Freeman, 103 Misc 2d 649). This holding has been extended the supreme compliment of being cited as seminal by the Appellate Division, Second Department, in Matter of Sylvia H. (78 AD2d 875). In Matter of Freeman, Judge McLaughlin held that the criminal act of escape was a legal impossibility when it concerned a so-called “Title II” or nonsecure facility as constitutionally required in status offenses (Matter of Ellery C., 32 NY2d 588). Both Matter of Freeman and Matter of Sylvia H., its appellate counterpart, *707 left open the question of escape from a secure facility as an underlying act which would be a crime if committed by an adult, and presumably an outright crime in New Jersey if the juvenile court waived its jurisdiction in favor of the criminal courts. It is therefore necessary to look to the law of New Jersey to ascertain whether or not the acts in question might constitute a crime therein, assuming, arguendo, a waiver of juvenile jurisdiction in favor of the criminal courts.
In State in Interest of M.S. (73 NJ 238) the Superior Court of New Jersey ruled that a so-called JINS (corresponding to the status offense of PINS in New York) who was required by its law to be housed in nonsecure facilities, could not be charged with escape as an underlying crime to support a finding of delinquency since he was free to come and go, and the “confinement” was essentially remediable for the purpose of treatment. Essentially the same ruling was made pertaining to escape from a psychiatric institution by a person committed there involuntarily (State v Kyles, 166 NJ Super 343). It is apparent that the State of New Jersey, recognizing the right to treatment interpolated by the Federal courts[1] whenever confinement results from proceedings which lack all the traditional “djie process” elements, has judicially created an excludable category from its escape statutes when the right to treatment may be held to exist in favor of the confined person. By this reasoning, even where a juvenile has been confined in a secure facility, he would inherently possess the right to treatment, not having been afforded the traditional array of “due process” rights.[2] Bearing this in mind, and following the New Jersey line of authority, absconding from any such facility, even a secure one, would not constitute the crime of escape either in its own right or as an act, criminal in nature if committed by an adult, sufficient to support a finding of delinquency.
We therefore hold after consideration of New Jersey law, that in no event can the acts charged herein be considered *708 either an actual or inchoate crime in that State, sufficient to support fugitive proceedings in- this State.
The motion to dismiss is granted.

. Sas v State of Maryland, 334 F2d 506; Rouse v Cameron, 373 F2d 451; Wyatt v Stickney, 325 F Supp 781; cf. O’Connor v Donaldson, 422 US 563, 578, concurring opn, Burger, Ch. J.

. Morales v Turman, 364 F Supp 166; Martarella v Kelly, 349 F Supp 575; Inmates of Boys’ Training School v Affleck, 346 F Supp 1354.