Tony Frank **BURNHAM, Plaintiff and Appellant,**

v.

N.D. "Pete" **HAYWARD, Salt Lake County Sheriff, Defendant and Respondent.**

No. 18455.

Supreme Court of Utah.

April 4, 1983.

trict court below for a writ of habeas corpus, challenging extradition to Wyoming without first being certified to stand trial as an adult by a juvenile court of this state under U.C.A., § 78–3a–25. The district court in denying the writ found the documents for extradition to be legally sufficient and also found:

> That although the plaintiff, Tony Frank Burnham, is a minor under the laws of the State of Utah[,] he is charged as an adult for a Felony offense in the State of Wyoming[;] and[,] that said offense is a crime within the meaning of the Extradition Laws of the State of Utah[;] and[,] therefore[,] he should be extradited to the State of Wyoming.

Appellant claims, first, that extradition to Wyoming without preliminarily granting him a hearing in Utah's juvenile court for certification to be tried as an adult is contrary to Utah law. Secondly, he contends that the interests of his parents and Utah's parens patriae interest conflict with Wyoming's interest in extradition. Further, because they do conflict, comity, full faith and credit, and due process require that he be afforded a certification hearing.

Ronald J. Yengich, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Ted L. Cannon, Richard S. Shepherd, Salt Lake City, for defendant and respondent.

HOWE, Justice:

Tony Frank Burnham, appellant, was sixteen years old in January of 1982 when a criminal complaint was filed in Sweetwater County, Wyoming charging him with two counts of first degree sexual assault and battery with felonious intent, aggravated robbery and burglary. Pursuant to a Wyoming statute, he was charged as an adult.

Appellant is a juvenile. He and his parents reside in Utah, but it is not disclosed from the record whether he was living with them at the time of his arrest in this state. Following his arrest, he petitioned the dis-

I.

Relying on *State In re Schreuder*, Utah, 649 P.2d 19 (1982), appellant argues that neither the Interstate Compact on Juveniles which has been adopted in this state nor Utah's extradition act applies to him. Consequently, he asserts that he must be extradited as an adult which, in turn, requires that he first be certified to stand trial as an adult. In Schreuder, without determining the issue of extradition, this Court stated:

> The Interstate Compact on Juveniles only provides for the transfer of juveniles who are runaways or who have been "adjudged delinquent." U.C.A., 1953, § 55–12–1. The Extradition Act only applies to "a person charged with a crime," U.C.A., 1953, § 77–30–22, which does not include juveniles named in petitions in the juvenile court.

*Id.* at 21. In the context of the entire Schreuder opinion, which was decided on other grounds, this statement does not constitute authority for the proposition that a juvenile cannot be extradited under the extradition act. It merely explains that a juvenile named in a juvenile court petition in this state is not a person charged with a crime. But appellant is a person charged with a crime in Wyoming. He is not a juvenile named in a juvenile court petition. Thus, the statement in Schreuder does not apply to him.

Further, jurisdictions with extradition statutes comparable to those adopted in Utah and Wyoming [1] have held that a juvenile fugitive may be extradited. In *Ex Parte Jetter,* Tex.Cr.App., 495 S.W.2d 925 (1973), the court remanded a juvenile fugitive charged with murder to custody of the demanding state explaining that the Uniform Criminal Extradition Act (which has been adopted by Utah) did not exclude minors from its operation. The court in *Snyder v. State,* 95 Idaho 643, 516 P.2d 700, 73 A.L.R.3d 695, (1973) held that a juvenile court hearing to determine whether to waive jurisdiction and allow the juvenile to be tried as an adult was unnecessary, being beyond extradition procedural requirements. Cf. *People v. Pardo,* 47 Ill.2d 420, 265 N.E.2d 656 (1970).

Moreover, appellant here demands a proceeding to which he is not otherwise legally entitled. U.C.A., § 78–3a–25(7) (1981 Supp.) states:

> When a petition in the case of a person 16 years of age or older alleges any class of criminal homicide or attempted criminal homicide, aggravated robbery, or forcible sodomy, aggravated arson, aggravated sexual assault, aggravated burglary, or aggravated kidnapping, said juvenile shall be subject to the jurisdiction of this court as set out in section 78–3a–16, *unless and until an indictment on such charge is returned by the grand jury or a criminal information is filed by the coun-*

> *ty attorney, in which event and at which time this court shall be divested of jurisdiction under section 78–3a–16, the charge shall be made, and the proceedings regarding the charge shall be conducted in every respect as if the juvenile were an adult.* A copy of the information or indictment will also be filed forthwith in the juvenile court as notice to that court. [Emphasis added.]

A person sixteen or older who is accused of a felony in Utah has no right to a certification hearing before being prosecuted as an adult. *State, In Interest of Atcheson,* Utah, 575 P.2d 181 (1978). There is no legitimate reason to afford appellant the right to such a proceeding because he has been charged by Wyoming when he would not be entitled to that right were he charged by Utah. We observe, however, that he has the right to move the district court in Wyoming to transfer his case to the juvenile court there. Wyoming Statutes, § 14–6–237(f) (1977).

## II.

The record is not clear whether the parents' fundamental right to the care, custody and companionship of appellant and the state's parens patriae interest were raised in the trial court. Further, neither the extent of appellant's association with his parents nor whether he had been living with them was established in the record. Therefore, appellant's contention that these combined interests conflict with Wyoming's interest in extradition may be an issue not properly before this Court. *State v. Lee,* Utah, 633 P.2d 48 (1981); *Goodman v. Wilkinson,* Utah, 629 P.2d 447 (1981).

However, Utah's parens patriae interest in its juveniles does not extend to delaying alleged offenders from being brought to trial as swiftly as possible in the state where the offense was committed. In *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1979) the United States Supreme Court ruled that once an asylum

---

1. Utah Code Annotated, § 77–30–1 et seq. (1981 Supp.); and Wyoming Statutes § 7–3– 201 to § 7–3–227 (1977).

state's governor has granted extradition, a court considering release on habeas corpus can do no more than decide whether (1) the extradition documents on their face are in order; (2) the petitioner has been charged with a crime in the demanding state; (3) the petitioner is the person named in the request for extradition; and (4) the petitioner is a fugitive. See *Langley v. Hayward,* Utah, 656 P.2d 1020, 1022, n. 1 (1982). We recognize that a court in an asylum state may deny extradition where extraordinary circumstances exist. *People ex rel. Bowman v. Woods,* 46 Ill.2d 572, 264 N.E.2d 151 (1970). We do not foreclose the possibility of extraordinary circumstances requiring the denial of extradition from our state. However, Utah's parens patriae interest does not, in our view, constitute such extraordinary circumstances; and, furthermore, the appellant in this case met the criteria outlined in the Doran test. The court found the documents for extradition to be legally sufficient. Appellant was the fugitive named in the request for extradition; and, appellant was charged with felony offenses which are crimes in Utah.

In the case of *In re Robert,* Rhode Island, 406 A.2d 266 (1979), the court held a statute unconstitutional which provided that a person under the age of eighteen could not be extradited for trial in another state as an adult unless and until a family court justice first determined that the juvenile would have been treated as an adult if the out-of-state offense had been committed in Rhode Island. Interpreting Michigan v. Doran, supra, to suggest the irrelevancy of juvenile status, the court stated:

> [E]xtradition is not a matter of comity or compact between the state but is mandated by Art. IV, Sec. 2, clause 2, of the United States Constitution . . . [Citations omitted.] The Uniform Criminal Extradition Act is ancillary to and in aid of the constitutional requirements of Art. IV of the United States Constitution.

*Id.* at 268. See also 73 A.L.R.3d 700, Extradition of Juveniles (1976).

Appellant was charged with a felony offense in Wyoming which is a crime within the meaning of Utah extradition laws. The documents for his extradition were legally sufficient. Our statutes do not impose that he be certified as an adult before he is extradited to Wyoming. Indeed, under In re Robert, supra, such a statute might well be unconstitutional. Appellant's argument that the interests of his parents and Utah's parens patriae interest require a certification hearing is not persuasive to us. Extradition proceedings are summary and mandatory. Nothing extraordinary suggests an exception be made in this case.

Judgment affirmed. No costs awarded.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.