No. 84-545

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF THE PETITION OF
DONALD A. BLACKBURN a/k/a DONALD
BLACKBURN.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

For Petitioner:

Stephens Law Firm, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana
Michael G. Alterowitz, County Attorney, Red Lodge,
Montana

Submitted: January 24, 1985

Decided: April 15, 1985

Filed:

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Petitioner, Donald A. Blackburn, a/k/a Donald Blackburn, requested an order staying judgment and continuation of bond and applied for a writ of habeas corpus from this Court on December 12, 1984. He alleged that procedural errors had occurred, that the charge by the State of Colorado was improper and that the documents accompanying the demand for extradition were insufficient. This Court issued an order staying judgment and granting a continuation of bond on December 14, 1984. We now deny petitioner's request to issue a writ of habeas corpus, and dismiss his petition.

Petitioner was charged on November 4, 1983, by felony complaint/information, filed in the State of Colorado, with the crimes of theft, a felony (section 18-4-401, C.R.S. 1973, as amended), and issuance of bad check, a misdemeanor, (section 18-5-512, C.R.S. 1973, as amended). A warrant was issued for his arrest. About December 15, 1983, the Sheriff's Office in Carbon County, Montana received several documents, including a copy of the arrest warrant, from the authoritites in Colorado. Petitioner had advised the sheriff that he would surrender himself and appear when the warrant was received. Petitioner did so on December 16, 1983. That same day, he was arrested and appeared in justice court in Carbon County to answer the Colorado arrest warrant and was later released on his own recognizance.

On April 2, 1984, the Governor of the State of Colorado, requested the Governor of the State of Montana have the petitioner arrested and returned to Colorado to stand trial. An application for requisition, the

2

information/complaint, the arrest warrant and a supporting affidavit on probable cause accompanied the request for extradition. The Governor of the State of Montana issued an arrest warrant for petitioner in response to this request on April 13, 1984. Petitioner was arrested in Yellowstone County on April 23, 1984, pursuant to the Governor's warrant, and again released on his own recognizance pending his filing of a petition for writ of habeas corpus to resist extradition. The matter was heard in the District Court of the Thirteenth Judicial District of the State of Montana, in and for the County of Yellowstone on July 30, 1984. That court, on December 3, 1984, dismissed the petition for writ of habeas corpus and ordered petitioner to surrender himself to Colorado authorities within ten days.

On this, his second petition for writ of habeas corpus, filed December 14, 1984, petitioner raises the following contentions:

(1) The controversy forming the basis for Colorado's request for extradition is a matter for civil litigation;

(2) the charging documents sent by the State of Colorado do not conform to the requirements of section 46-30-211(2), MCA, in that there was no copy of any authenticated information, and that the information, warrant and supporting affidavit accompanying the request for extradition contain conclusory allegations;

(3) sections 46-30-302, -303 and -304, MCA require that a governor's warrant be issued within certain time limits and the State of Montana did not adhere to these limits; and

(4) the petitioner was deprived of an opportunity to have an investigation by the governor's office pursuant to section 46-30-212, MCA.

The scope of inquiry by a court in an extradition proceeding is limited to:

"(a) whether the extradition documents on their face are in order;

"(b) whether the petitioner has been charged with a crime in the demanding state;

"(c) whether the petitioner is the person named in the request for extradition; and

"(d) whether the petitioner is a fugitive." Michigan v. Doran (1978), 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521, 527; cited in Crabtree v. State (1980), 186 Mont. 340, 343, 607 P.2d 566, 567.

In Crabtree, the petitioner had been charged with several criminal non-support offenses, was facing extradition, and sought relief by means of habeas corpus. He argued that because the charges were based on failure to comply with a child support order, the matter was civil, not criminal. This Court found no merit in that argument and reversed the lower court's decision to grant release of petitioner. We agreed with the appellant State's argument that section 46-30-225, MCA and the Supreme Court's holding in Duran did not permit inquiry into the underlying charges. Petitioner's claim that the transaction at issue in Colorado constitutes a civil matter goes to the underlying charges. We therefore hold that this claim is beyond the scope of a habeas corpus proceeding in Montana, the asylum state, but note that petitioner may pursue this claim in Colorado, the demanding state. See e.g. Jacobsen v. State (Idaho 1978), 577 P.2d 24.

On the remaining issues, petitioner must support his allegations beyond a reasonable doubt to overturn the Governor's warrant. The Governor's warrant is prima facie evidence of all the information recited in it including

4

identity, fugivity, and that the petitioner is properly charged with a crime. In re the Matter of Hart (1978), 178 Mont. 225, 583 P.2d 411. This Court recognized this general rule with respect to whether the accused was a fugitive in State ex rel. Hart v. District Court (1971), 157 Mont. 287, 293, 485 P.2d 698, 702, stating:

> "'The issuance of a warrant of rendition by the Governor of the asylum state raises a presumption that the accused is the fugitive wanted and it is sufficient to justify his arrest, detention and delivery to the demanding state. * * * In order to rebut the presumption the accused must prove beyond a reasonable doubt either that he was not present in the demanding state at the time of the alleged offense or that he was not the person named in the warrant . . . '"
> (Citations omitted.)

Petitioner's second claim concerns the form of the demand made by the State of Colorado. Section 46-30-211(1), MCA sets forth the requirements for the documents at issue as follows:

> "(1) No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state, except in cases arising under 46-30-204, and accompanied by:
>
> "(a) a copy of an indictment found or information supported by affidavit in the state having jurisdiction of the crime;
>
> "(b) a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon; or
>
> "(c) a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole."

5

The Colorado Governor's demand was in writing. It alleged that petitioner "is now to be found" in Montana, that he was present in Colorado at the time of the alleged crimes and that he fled to Montana. The demand was accompanied by the compaint/information, the warrant and an affidavit made before a magistrate. The demand clearly satisfies the requirements of section 46-30-211(1), MCA.

Subsection (2) adds additional requirements. The information or affidavit made before a magistrate must substantially charge a crime under the laws of the demanding state and the information or affidavit must be authenticated by the governor of the demanding state. Petitioner claims that the information and accompanying affidavit contain only conclusory allegations and thus are insufficient.

> "'The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however [inartfully] charged with crime in the state from which he has fled.' Pierce v. Creecy, 210 U.S. 387, 402, 28 S.Ct. 714, 718, 52 L.Ed. 1113 (1908). See also Hogan v. O'Neill, 255 U.S. 52, 55, 41 S.Ct. 222, 65 L.Ed. 497 (1921); Brown v. Fitzgerald, 39 F.2d 870, 872 (9th Cir. 1930); United States ex rel. Jackson v. Meyering, 54 F.2d 621, 622 (7th Cir. 1931), cert. denied, 286 U.S. 542, 52 S.Ct. 498, 76 L.Ed. 1280 (1932); Person v. Morrow, 108 F.2d 838, 840 (10th Cir. 1940)." Smith v. State of Idaho (1967), 373 F.2d 149, 158, cert. denied 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1364.

In Smith, the accused argued that because the demanding papers did not allege the victim died and was a human being they were defective. The court held that the demanding papers need not meet "common law technicalities of pleading" and were sufficient if they charged an offense. The defects alleged in the case at bar are much more general.

6

Nevertheless, the long-standing, universally used rule stated above applies. The demanding papers clearly accuse petitioner of a crime and are sufficient under section 46-30-211(2), MCA. The other requirement of sub-section (2), that the information or affidavit be authenticated by the governor of the demanding state is satisfied as well. The document signed by the Governor of Colorado states on its face that the complaint/information and affidavit are certified by him as authentic in accordance with Colorado law. We hold that the demand and accompanying documents satisfy all the requirements of section 46-30-211, MCA.

In the third issue, petitioner argues that Part 3 of Chapter 30, Title 46, MCA imposes time limits on the issuance of the governor's warrant. The plain meaning of these statutes (adopted from the Uniform Criminal Extradition Act) answers this contention. In Application of Simpson (Kan.App. 1978), 586 P.2d 1389, a complaint was filed in Finney County, Kansas, alleging that petitioner was a fugitive from justice from Missouri. A fugitive warrant was issued and petitioner was admitted to bail. This transpired on September 15, 1977. On October 15, 1977, the governor's warrant had not arrived and a continuance to December 16, 1977 was granted. On December 16, since the governor's warrant still had not been received and more than ninety days has elapsed, the proceedings in Finney County were dismissed, and petitioner was released. Pursuant to the governor's warrant, which arrived on December 21, 1977, the petitioner was arrested and then petitioned for release. His contention that failure to arrest under the governor's warrant within the ninety day period operated as a bar to further extradition proceedings,

7

was found to be without merit by the Kansas court. The Kansas court stated:

> "It is obvious that the sections of the Uniform Criminal Extradition Act referred to are to prevent the unreasonably lengthy periods of confinement of fugitives pending consummation of extradition proceedings by the demanding state. They do not restrict the period within which a governor's warrant may be issued or executed to the ninety-day period contained in those statutes." (Citations omitted.) 586 P.2d at 1390.

We hold that the time limits in section 46-30-302 and -304 refer only to the length of detention permitted before an accused person must be released from custody in the asylum state. These sections do not require dismissal of extradition proceedings for any supposed time limits on issuance of the governor's warrant.

We further note, for the purpose of clarity, that these sections have no applicability once a governor's warrant has been issued. Once the Governor of the State of Montana issued his warrant "all questions involving the prior arrest and detention are rendered immaterial." 39 C.J.S. §115, Habeas Corpus, p. 889. Case law also holds that even if the previous detention was irregular, which is not the case here, then the governor's warrant renders all such claims moot. See Williams v. Leach (Colo. 1977), 572 P.2d 481; In Re Brown (Mass. 1976), 346 N.E.2d 830. McCoy v. Cronin (Colo. 1975), 531 P.2d 379; State ex rel. Holmes v. Spice (Wis. 1975), 229 N.W.2d 97; Applications of Oppenheimer (Ariz. 1964), 389 P.2d 696; Also, in Dilworth v. Leach (Colo. 1973), 515 P.2d 1130, the Colorado Supreme Court agreed with the above cited principle and stated:

> ". . . Neither reason nor justice requires a change in the well-settled principle that the process involved in

8

> the initial arrest in the asylum state becomes moot upon the issuance of the governor's warrant." 515 P.2d at 1131.

Lastly, petitioner contends he was deprived of his opportunity for an investigation by the governor under section 46-30-212, MCA. This statute does not require the accused be given notice of an investigation nor does it require an investigation of the demand for extradition. It simply gives the governor the discretion to check the demanding papers. The legal rule for a century or more has been that the executive of the asylum state may act upon the requisition papers in absence of the accused and without notice to him. See e.g., Munsey v. Clough (1905), 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515; Marbles v. Creecy (1909), 215 U.S. 63, 30 S.Ct. 32, 54 L.Ed. 92 and authorities cited in 31 Am.Jur.2d, Extradition, p. 957 and 35 C.J.S. §15, Extradition, p. 433. This rule stems from the duty of one state to surrender a fugitive from justice on a valid requisition from the governor of another state as fixed by the United States Constitution.

> "A person charged in any State with treason, felony or other crime, who shall flee from justice and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime." United States Constitution, Article 4, §2.

Section 46-30-201, MCA also makes it the duty of the governor to deliver fugitives to the demanding state. His investigative authority and the scope of his discretion is limited to determining that the person demanded is charged with a crime and is a fugitive from justice and the adequacy of the demand. The accused is entitled to a hearing with the aid of counsel before a judge of a court of record on the

9

above issues (section 46-30-217, MCA), but there is <u>no</u> right of the accused to have an investigation by or a hearing or other appearance before the governor. The petitioner had a hearing in District Court. His second hearing is the case at bar. We hold that petitioner was not entitled to either an investigation or notice of an investigation conducted by the governor when a demand for extradition is made by another state.

Based on the foregoing:

IT IS HEREBY ORDERED:

1. That the petition for writ of habeas corpus is dismissed.

2. That petitioner Donald A. Blackburn, a/k/a Donald Blackburn surrender himself to the authorities of Yellowstone County, within five (5) days of the date of this order, to be delivered to the duly authorized agent of the State of Colorado within twenty (20) days to stand trial for the charges which form the basis of these proceedings.

DATED this _15th_ day of April, 1985.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10