STATE OF NEW JERSEY,
IN THE INTEREST OF D.N.H., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 11, 1977—Decided January 26, 1977.

(1)

Before Judges MATTHEWS, SEIDMAN and HORN.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for juvenile-appellant (*Mr. Mark D. Sperber,* Assistant Deputy Public Defender, Appellate Section, of counsel and on the brief).

*Mr. Harris Y. Cotton,* Prosecutor, attorney for the State (*Mr. Samuel J. Leone,* Assistant Prosecutor, on the brief).

PER CURIAM. The single issue on this appeal is whether the procedure used for extraditing the juvenile-appellant was "improper and violated due process" as contended by him.

On December 30, 1975 the juvenile, a 17-year-old resident of New Jersey, was charged with criminal homicide, murder, conspiracy to rob and murder, robbery, aggravated assault and related charges arising out of the unlawful possession of firearms. These charges arose out of the alleged involvement of said juvenile and another youth in the holdup of a gas station in Delaware County, Pennsylvania. After the incident the juvenile fled to this State.

On March 4, 1976 a Governor's Requisition Warrant was filed by the Commonwealth of Pennsylvania, and on April 6, 1976 a judge of the Court of Common Pleas of Delaware County, Pennsylvania, certified that Juvenile Court

jurisdiction did not attach, since the crime charged was murder. In Pennsylvania a juvenile charged with murder is treated as an adult unless he makes an affirmative showing that he would be amenable to treatment as a juvenile. *Commonwealth v. Pyle,* 462 *Pa.* 613, 342 *A.* 2d 101, 106–07 (Sup. Ct. 1975).

Thereafter, the State of New Jersey issued a rendition warrant for the juvenile, and an extradition proceeding took place in which the trial judge below found that extradition should be granted. A stay pending appeal was also granted.

Appellant's contention specifically is that a denial of due process resulted because the trial judge permitted him to be extradited as an adult pursuant to *N. J. S. A.* 2A:160–6 *et seq.,* without a preliminary hearing, while under the jurisdiction of the Juvenile and Domestic Relations Court in New Jersey. He asserts that a preliminary hearing should have been held to determine the status of the juvenile as an adult or as a juvenile, as is required by the Interstate Compact on Juveniles, *N. J. S. A.* 9:23–1 *et seq.* He also refers to *R.* 5:9–5(b) and *N. J. S. A.* 2A:4–48 as further support for his contention. This rule and the statute require that a hearing must be held before a juvenile may be tried in New Jersey criminal courts as an adult.

*N. J. S. A.* 9:23–1, Art. V, which is concerned with juvenile escapees and absconders, provides that an appropriate authority from whose probation or parole supervision a delinquent juvenile has absconded shall present to the appropriate court or the executive authority of the state where the juvenile is alleged to be located a written requisition for his return, with the particulars of his adjudication as a delinquent, the circumstances of the breach of terms of his probation or parole or escape, and the location of the juvenile, if known. Upon receipt of such requisition in proper form demanding the return of a juvenile who has absconded or escaped, the court or executive authority is required to issue an order to any peace officer, directing

4

him to take into custody and detain the juvenile. It further provides:

> No delinquent juvenile detained upon such order shall be delivered over to the officer whom the appropriate person or authority demanding him shall have appointed to receive him, unless he shall first be taken forthwith before a judge of an appropriate court in the State, who shall inform him of the demand made for his return and who may appoint counsel or guardian ad litem for him. If the judge of such court shall find that the requisition is in order, he shall deliver such delinquent juvenile over to the officer whom the appropriate person or authority demanding him shall have appointed to receive him. The judge, however, may fix a reasonable time to be allowed for the purpose of testing the legality of the proceeding. [*N. J. S. A.* 9:23-1, Art. V]

*N. J. S. A.* 9:23-1.2, which became effective in 1975, approximately 20 years after the adoption of the Interstate Compact on Juveniles, provides that all the provisions and procedures of Arts. V and VI of said Compact on Juveniles shall be construed to apply to any juvenile charged with being a delinquent by reason of a violation of any criminal law.

The juvenile contends that it was procedurally improper "to have two juveniles,[1] awaiting homicide charges in Pennsylvania, extradited as adults without a preliminary hearing, while under the protective jurisdiction of the Juvenile and Domestic Relations Court." Such procedure, it is contended, was violative of the juvenile's assured rights of due process and fair treatment. We disagree and affirm.

*R.* 5:9-5(b) and *N. J. S. A.* 2A:4-48 relate only to procedures contemplating the trial of juveniles in this State — not with procedures relating to extradition to another state. The Interstate Compact on Juveniles, as amended, was designed to furnish a speedy method to determine whether juveniles should be extradited and at

---

[1]The other juvenile waived appeal.

the same time to preserve the fundamental protections for them.

█ Contrary to the juvenile's argument, there is nothing in the Interstate Compact Statute to indicate that the hearing required by it was to be held to determine the status of the person charged, *i. e.*, whether he was a juvenile or not. Following the issuance of a rendition warrant for the juvenile a hearing on the extradition application was held before the trial judge, at which the juvenile was represented by counsel and was given an opportunity to oppose the extradition. At that hearing no testimony was taken. The sole argument was as to the appropriate procedures — in the same vein as on this appeal. No effort was made to establish, contrary to the allegation in the application for the extradition, that the juvenile was not in the Commonwealth of Pennsylvania or any other fact which might serve to defeat the application.

Our review of the record demonstrates that the juvenile-appellant received an appropriate hearing at which he was appropriately represented, and without regard to whether he was a juvenile or an adult his constitutional prerogatives were safeguarded and accorded to him. See *State v. Phillips*, 62 *N. J. Super.* 70 (App. Div. 1960), aff'd 34 *N. J.* 63 (1961) ; *Passalaqua v. Biehler*, 46 *N. J. Super.* 63 (App. Div. 1957).

Affirmed.