373 A.2d 482.

WILLIAM H. BAILEY *vs.* WILLIAM LAURIE *et al.*

MAY 3, 1977.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is a habeas corpus proceeding in which the petitioner, William H. Bailey, challenges his detention by the respondent warden, William Laurie.

On March 18, 1977, the Governor of the State of Michigan issued his warrant alleging that "William H. Bailey, a/k/a William Ocean, a/k/a William Herbert Bailey, Jr." had been charged with the crime of larceny in a building in the county of St. Clair on March 9, 1973 and that he had fled the State of Michigan and taken refuge in the State of Rhode Island.

Accompanying the warrant issued by the Governor of Michigan was an Application for Requisition and certified

copies of a Complaint, a Warrant, a Criminal Information and other supporting papers. The Governor's warrant requests that Mr. Bailey be apprehended and delivered to Captain Edward Pare, a member of the Rhode Island State Police, and/or his deputy, and authorizes them to receive and convey Mr. Bailey to the State of Michigan to be there dealt with according to law.

Thereafter, on April 7, 1977, the Governor of the State of Rhode Island, acting pursuant to the provisions of G.L. 1956 (1969 Reenactment) ch. 9 of title 12, the Uniform Criminal Extradition Act, issued his rendition warrant ordering Rhode Island authorities to apprehend Mr. Bailey forthwith and deliver him to Captain Edward Pare or his deputy.

On April 11, 1977, Mr. Bailey surrendered himself to the Superior Court in Providence and, pursuant to the provisions of §12-9-12,[1] filed a petition for habeas corpus to test the legality of his arrest and extradition to Michigan. The trial justice before whom Mr. Bailey appeared continued the matter for hearing to April 18, 1977, but denied his motion for bail pending such hearing.

On April 11, 1977, Mr. Bailey filed a petition for habeas

---

[1]General Laws 1956, §12-9-12 reads as follows:

"Appearance of prisoner before judge — Application for habeas corpus. — No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer and to the said agent of the demanding state."

in this court requesting that he be released on bail pending a final determination of the petition in the extradition proceeding. On April 12, 1977, after hearing arguments of counsel, we entered an order granting the petition for bail. We set bail in the amount of $5,000 with surety and directed that upon the furnishing of such bail Mr. Bailey be released from custody until further order of this court. Our order also provided that in the event of an adverse decision for Mr. Bailey in the extradition proceeding, the Attorney General might move in this court for revocation of bail. *See Bailey* v. *Laurie,* No. 77-126 M.P. (R.I., filed Apr. 12, 1977). On the same day Mr. Bailey furnished bail and was thereupon released from custody.

On April 18, 1977, the extradition hearing was held before a justice of the Superior Court. The only witness at this hearing was one Robert H. Cleland, an assistant prosecutor for the county of St. Clair, Michigan, who was called by Mr. Bailey's counsel. At the close of his testimony, and after arguments of counsel, the trial justice denied Mr. Bailey's petition but continued the matter for 2 days to April 20, 1977, to enable Mr. Bailey an opportunity to file a new petition in this court and also to enable the Attorney General to take whatever action he considered advisable with respect to the bail.

On April 18, 1977, Mr. Bailey filed the instant petition for a writ of habeas corpus wherein he again challenges the legality of his arrest under the warrant issued by the Governor of Rhode Island. On the same day the Attorney General filed a motion requesting that Mr. Bailey's bail be revoked so that he could be remanded to the person named in the warrant for rendition to Michigan in accordance with the request of the Governor of that state. We denied the state's motion to revoke Mr. Bailey's bail but ordered the writ of habeas corpus to issue forthwith and

assigned the case for hearing on April 22, 1977. *See Bailey v. Laurie*, No. 77-131 M.P. (R.I., filed Apr. 18, 1977).

The petitioner argues that the requisition papers demanding his extradition are defective and/or irregular because the Governor of Michigan names a captain of the Rhode Island State Police and/or his deputy as his agent to deliver him to the Michigan authorities. The petitioner has furnished no authority, statutory or otherwise, to support his argument nor have we found any authority to support this proposition.

Extradition is not a matter of comity or compact between the states. It is mandated by art. IV, §2, cl. 2, of our Federal Constitution, which reads as follows:

> "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall *on demand of the executive authority of the state from which he fled*, be delivered up, to be removed to the state having jurisdiction of the crime." (Emphasis added.)

The Uniform Criminal Extradition Act was drafted to implement the constitutional requirements of art. IV and to set forth procedures to be followed in this area of the law. *Brown* v. *Sharkey*, 106 R.I. 714, 717, 263 A.2d 104, 106 (1970).

We find nothing in the language of art. IV, §2, cl. 2, or in the language of the Uniform Criminal Extradition Act placing any limitation on the selection of an agent or suggesting that the appointment of a person not a citizen nor an officer of the demanding state is an irregularity which would justify denying rendition to the demanding state. We find no irregularity or illegality in the disposition of Captain Edward Pare and/or his deputy as the person designated to receive petitioner and deliver him to the Michigan authorities.

We consider next petitioner's argument that he should

be immune from process because the provision of Rhode Island Constitution, art. IV, §5, regarding immunity from process for members of the Legislature, should be construed to cover members-elect as well as members.[2] Even if we assume that art. IV, §5 applies to members-elect as well as members, we fail to see how this would help petitioner in view of the supremacy clause of the Constitution of the United States, art. VI, cl. 2, which states:

> "This Constitution, and the laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding."

As pointed out above, extradition is constitutionally mandated, and, as we said in *Brown* v. *Sharkey, supra* at 716, 263 A.2d at 106:

> "It is the constitutional duty of an asylum state to enforce the Constitution's interstate rendition clause faithfully."

Thus, even if we assume that the immunity from process under the state constitution applies to the petitioner as a member-elect, under the supremacy clause this immunity is overriden by the constitutional duty of the asylum state to enforce the Federal Constitution's interstate rendition clause faithfully. In other words, the immunity from process protection afforded by the state constitution must give way to the federally mandated rendition clause of the United States Constitution.

---

[2] Rhode Island Const. art IV, §5 reads as follows:

"Immunities of legislators. — The person of every member of the general assembly shall be exempt from arrest, and his estate from attachment in any civil action, during the session of the general assembly, and two days before the commencement and two days after the termination thereof, and all process served contrary hereto shall be void. For any speech in debate in either house, no member shall be questioned in any other place."

The petition for habeas corpus is denied. The petitioner shall appear before this court on Wednesday, May 4, 1977 at 9:30 a.m. to show cause, if any he has, why bail should not be revoked.

Mr. Chief Justice Bevilacqua did not participate.

*John A. O'Neill, Jr.,* for petitioner.

*Julius C. Michaelson,* Attorney General, *Seymour Posner,* Special Asst. Attorney General, for respondents.