MARJORIE HAMEL, petitioner. July 11, 1979. The petitioner was arrested under a warrant of the Governor of Massachusetts issued pursuant to a requisition from the State of Indiana seeking the return of "Marjorie Hammel" for the crime of escape. See G. L. c. 276, §§ 11-20R. She denied that she is the person named in the requisition. A Superior Court judge dismissed her petition pursuant to G. L. c. 276, § 19, for a writ of habeas corpus, finding that she was the person actually sought and that she was in the demanding jurisdiction at the time of the commission of the alleged offense of escape. She appeals, asserting that the Commonwealth failed to meet its burden of proving that she is the person sought in the Governor's warrant. See *Maldonado, petitioner*, 364 Mass. 359, 362 (1973). By focusing here specifically on certain photographs upon which the judge relied in making findings adverse to her, she puts forth several grounds why the photographs should not have been admitted in evidence. There was no error.

1. The petitioner cannot prevail in any event because there was ample evidence without the photographs to establish that she is the person named in the rendition warrant. Although "bald identity of name without confirmatory facts or circumstances is not enough to indicate identity of person" (*Ayers* v. *Ratshesky*, 213 Mass. 589, 594 [1913]), the inference which may be drawn from identity of names combined with slight additional evidence is sufficient to establish such identity. *Baker, petitioner*, 310 Mass. 724, 731-732, cert. denied, 316 U.S. 699 (1942). *Herman* v. *Fine*, 314 Mass. 67, 69 (1943). *Brockton Hosp.* v. *Cooper*, 345 Mass. 616, 617-618 (1963). See also *Moore, petitioner*, 2 Mass. App. Ct. 399, 403 (1974). Here there was an identity of names[1] combined with a concession by the petitioner as to her presence in Indiana at the relevant time. The judge also had before him the petitioner's comment to the State trooper not to "tell her son anything about [this matter] because he doesn't know anything about it," and her comment to another detective that "she doesn't like Indiana and she doesn't want to go back to Indiana."

2. Moreover, we think, as did the judge, that there was sufficient information to connect the photographs to the person named in the rendition warrant by virtue of the fact that the pictures used to identify the petitioner were sent to the Massachusetts State police as a result of communications between the Massachusetts State police and the Indiana authorities. The petitioner conceded that the photographs were pictures of her.

3. The petitioner did not raise an objection at trial that the photographs were not properly authenticated, and she is not permitted to argue on appeal on a different ground from that argued at trial. *Commonwealth* v. *Flynn*, 362 Mass. 455, 472 (1972). See also Mass.R.Civ.P. 46, 365 Mass. 811 (1974).

4. Deciding as we do, it is not necessary for us to discuss whether the photographs contained inadmissible hearsay. But see *Germain, petitioner*, 258 Mass. 289, 295 (1927).

*Judgment affirmed.*

---

[1] The petitioner does not contend that the difference in spelling between "Hammel" and "Hamel" has any significance.

*Daniel E. Callahan (Alvin Youman* with him) for the petitioner.
*Michael J. Barry,* Assistant Attorney General, for the Commonwealth.