406 A.2d 266.

In re Robert.

SEPTEMBER 18, 1979.

Present: Joslin, Kelleher, and Doris, JJ.

KELLEHER, J. This is a habeas corpus proceeding, in which the petition is brought in behalf of a 17-year-old named Robert whose extradition is sought by the state of New Hampshire.

On September 28, 1978, Robert was arrested by the Providence police on a fugitive-from-justice warrant that charged Robert with committing an armed robbery in Laconia, New Hampshire, 3 weeks earlier. Following his arrest, Robert was brought before a justice of the Family Court and in due course was released in the custody of his mother. Subsequently, on January 4, 1979, J. Joseph Garrahy, Jr., Governor of Rhode Island, acting pursuant to the pertinent provisions of G.L. 1956 (1969 Reenactment) ch. 9 of title 12, the Uniform Criminal Extradition Act, issued a rendition warrant directing the Rhode Island authorities to apprehend Robert and deliver him to an authorized agent in New Hampshire. Thereafter, this petition was filed with us. The petition as originally filed presented several contentions, including the assertion that there is no constitutional or statutory basis for the extradition of a juvenile. We stayed any execution of the rendition warrant and directed the state to show cause why the petition should not be granted.

Meanwhile, on January 11, 1979, an act entitled "An Act Relating To Extradition Of Children Under The Age Of Eighteen" was introduced into the Rhode Island Senate, and the Senate Clerk numbered it "79-S-121." The Act made its way through the legislative process and became law without the Governor's signature on May 9, 1979. Senate Bill "79-S-121" is now known and cited as P.L. 1979, ch. 366.

Once ch. 366 became the law, Robert's petition was amended. The amended petition and the state's show-cause response were considered by us as we specially convened to hear oral argument on July 27, 1979. At that time, Robert's present counsel argued that ch. 366 nullified the Governor's warrant. The state took the position that the 1979 legislation

was unconstitutional. Following the conclusion of the hearing, we immediately issued a written order denying the petition and vacating the stay. This opinion details the reasons for the denial.

Chapter 366[1] makes Rhode Island's version of the Uniform Criminal Extradition Act just a bit less uniform because it adds to the Uniform Act a new section which, in essence, provides that a person under the age of 18 shall not be extradited for trial in another state as an adult unless and until a Family Court justice shall have first determined that the juvenile would have been treated as an adult if the out-of-state offense had been committed in Rhode Island. In making such a determination, the Legislature has directed the justice to employ the provisions of G.L. 1956 (1969 Reenactment) §§14-1-7, -.1. Section 14-1-7 gives a Family Court justice the discretion to waive jurisdiction, after a "full investigation," over any juvenile 16 years of age or older where the juvenile misconduct would be an indictable offense if performed by an adult. Section 14-1-7.1 provides that any juvenile who, after reaching his or her sixteenth birthday, commits what would have been two indictable adult offenses shall thereafter be prosecuted as an adult in the Superior Court for all subsequent criminal misconduct.[2]

This court on other occasions has pointed out that extradition is not a matter of comity or compact between the states but is mandated by art. IV, sec. 2, clause 2, of the United States Constitution.[3] *Bailey* v. *Laurie*, 118 R.I. 184, 188, 373 A.2d 482, 484 (1977); *Brown* v. *Sharkey*, 106 R.I. 714, 716-17, 263 A.2d 104, 106 (1970). Congress has implemented

---

[1]See Appendix.

[2]Recently we pointed out that G.L. 1956 (1969 Reenactment) §14-1-7.1 is an exclusion, rather than a waiver, of Family Court jurisdiction and upheld the constitutionality of this exclusion. *State* v. *Berard*, 121 R.I. 551, 560, 401 A.2d 448, 453 (1979).

[3]Article IV, sec. 2, clause 2, of the United States Constitution states: "A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime."

this constitutional command by requiring a chief executive of a state to which a fugitive from justice may have fled to have the fugitive arrested and detained upon the valid request of the chief executive of another state. 18 U.S.C.A. §3182 (1969). The Uniform Criminal Extradition Act is ancillary to and in aid of the constitutional requirements of art. IV of the United States Constitution.

Recently, in stressing the expeditious and summary aspects of interstate extradition, Chief Justice Burger made it clear that, once the Governor has issued his rendition warrant, the judiciary can do no more than decide the following four issues: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Michigan* v. *Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 535, 58 L. Ed. 2d 521, 527 (1978).

It is clear from a reading of *Doran* that Robert's juvenile status in Rhode Island is totally irrelevant. Chapter 366's prohibition against extradition of juveniles flies in the face of art. IV's command and the supremacy clause of art. VI and is, therefore, unconstitutional. *See Batton* v. *Griffin*, 241 Ga. 548, 246 S.E.2d 667 (1978); *Snyder* v. *State*, 95 Idaho 643, 516 P.2d 700 (1973); *People* v. *Pardo*, 47 Ill. 2d 420, 265 N.E.2d 656 (1970); *Ex parte Jetter*, 495 S.W.2d 925 (Tex. Cr. App. 1973); Annot., 73 A.L.R.3d 700 (1976).

The petition for habeas corpus is denied.[4]

---

[4]This petition was considered on the assumption that when Robert was returned to New Hampshire, he would be tried as an adult. However, the New Hampshire Legislature had made provision for the juvenile fugitive. As of August 22, 1979, the New Hampshire Superior Court is authorized to determine, after a hearing, whether an extradited person under the age of 18 shall be treated as a juvenile or as an adult. The extraditée may be placed on bail while the Superior Court makes its determination and can remain on bail pending a final disposition of the matter. *See* N.J. Rev. Stat. Ann. §169-B:25. Chapter 169-B represents an overhaul of New Hampshire's delinquency and neglect laws. Earlier, N.H. Rev. Stat. Ann. §169:21-a afforded the same benefits, except the statute applied only to persons who were under the age of 17.

Mr. Justice Joslin participated in the decision but retired prior to its publication. Mr. Chief Justice Bevilacqua and Mr. Justice Weisberger did not participate.

## APPENDIX

Public Laws 1979, ch. 366, in its entirety, reads as follows:

"SECTION 1. Chapter 12-9 of the general laws entitled 'Extradition' is hereby amended by adding thereto the following section:

"12-9-12.1. Extradition of juveniles.—When the extradition of a child under the age of eighteen (18) years of age is demanded by another state, said child shall be summoned to appear or ordered to appear before the family court pursuant to the provisions of chapter 14-1.

"The provisions of section 12-9-12 shall apply to the hearing conducted by the family court. In addition when the other state seeks the extradition of said child for trial as an adult, the family court shall determine whether or not said child would have been tried as an adult in this state if charged with the offense alleged to have been committed in the other state. The family court shall apply the provisions of sections 14-1-7 and 14-1-7.1 in making said determination.

"No person under the age of eighteen (18) shall be extradited for trial in another state as an adult unless a justice of the family court determines that said person would have been tried as an adult in the state of Rhode Island.

"SEC. 2. This act shall take effect upon passage."

*McKinnon & Fortunato, Stephen J. Fortunato, Jr.,* for petitioner.

*Dennis J. Roberts II,* Attorney General, *Thomas H. Caruolo,* Special Assistant Attorney General, for respondent.