RICHARD J. CARVALHO, petitioner. July 2, 1980. Pursuant to a letter request by an official of the State of Ohio, accompanied by a photostatic copy of a warrant from that State, the petitioner was arrested on September 19, 1978, on a complaint charging him with being a fugitive from justice from the State of Ohio. That complaint was subsequently dismissed on December 20, 1978, apparently because no Massachusetts Governor's warrant had issued at the time of the petitioner's arrest, and the petitioner was released. The petitioner, however, was rearrested on the basis of the same charge under a warrant of the Governor of Massachusetts issued December 21, 1978, pursuant to a formal requisition from the State of Ohio (dated November 17, 1978) seeking his return on the basis of an indict-

ment charging robbery. See G. L. c. 276, §§ 11-20R. A Superior Court judge dismissed his petition pursuant to G. L. c. 276, § 19, for a writ of habeas corpus. He appeals, asserting only that the Commonwealth failed to meet its burden of proving that he is the person sought in the Governor's warrant. See *Maldonado, petitioner,* 364 Mass. 359, 362 (1973). There was no error.

We think that this case is sufficiently close to *Hamel, petitioner,* 8 Mass. App. Ct. 877 (1979), so as to be controlled by it in all material respects. There was sufficient evidence to establish that petitioner is the person named in the rendition warrant. See *Baker, petitioner,* 310 Mass. 724, 731-732, cert. denied, 316 U.S. 699 (1942). In addition to an identity of names, there was an admission by the petitioner to the police officers who arrested him initially on the fugitive warrant that "that it was him [*sic*]." The two officers also testified that the petitioner admitted being in Euclid, Ohio, on the relevant date, i.e., he made statements that "he was in Ohio at the time of the incident" and that "he had just returned from Ohio . . . six to seven days [before September 19]." This testimony was uncontradicted.

There was also the uncontradicted testimony of Trooper Fitzgerald that the petitioner "stated that he had been in Ohio [close to the relevant time] and the person that they were looking for there was not him, it was his brother." Although this testimony tends to negate culpability in the underlying offense, it does, however, indicate that the petitioner had some knowledge of the alleged criminal activity in Ohio; it also establishes the petitioner's presence in the demanding State near the time of the incident as well as impliedly admitting that he is the person sought in the warrant, albeit mistakenly so.

We conclude that the record contains that quantum of "slight additional evidence . . . sufficient to establish . . . identity." *Hamel, petitioner, supra.*

*Judgment affirmed.*

*Daniel E. Callahan* for the petitioner.
*Kevin J. Sullivan,* Assistant Attorney General, for the respondent.