A JUVENILE, petitioner
(and a companion case).

Middlesex. September 9, 1985. — October 31, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Extradition and Rendition. Constitutional Law,* Extradition. *Minor,*
Extradition.

Two minors arrested on warrants issued by the Governor of this Common-
wealth in response to formal demands by the Governor of Maryland for
their rendition to face trial as adults pursuant to Maryland law on first
degree rape charges arising from an incident that had allegedly occurred
in Maryland were subject to the reach of the rendition clause of the
United States Constitution and the Uniform Criminal Extradition Act,
G. L. c. 276, §§ 11-20R. [118-119]

Two minors who were arrested on warrants issued by the Governor of this
Commonwealth in response to formal demands by the Governor of
Maryland for their rendition under G. L. c. 276, §§ 11-20R, the Uniform
Criminal Extradition Act, to face trial as adults pursuant to Maryland
law on first degree rape charges arising from an incident that had allegedly
occurred in Maryland were not entitled to a probable cause hearing in
Massachusetts before being returned to Maryland, where the documents
submitted by the demanding State demonstrated a judicial determination
there that probable cause existed. [119-121]

Information contained in rendition documents presented by the Governor of
Maryland in support of the rendition of two fugitives, including identifi-
cations of them by name, combined with photographs of the fugitives
introduced at their rendition hearing, which were authenticated by af-
fidavits of witnesses to the crime with which they were charged, consti-
tuted evidence sufficient to meet the Commonwealth's burden of estab-
lishing the identity of the fugitives as the individuals sought by Maryland
authorities. [121-122]

PETITIONS for writs of habeas corpus filed in the Superior
Court on July 31, 1984.

The cases were heard by *George W. Cashman,* J., sitting
under statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Francis K. Morris* for the petitioners.

*Paul J. Molloy,* Assistant Attorney General, for the Department of Youth Services.

HENNESSEY, C.J. The petitioners appeal from orders entered by a Superior Court judge denying their petitions for writs of habeas corpus. The appeal challenges the legality of their arrest on warrants issued by the Governor of the Commonwealth in response to formal demands by the Governor of Maryland for their rendition to face criminal charges in Maryland. We granted the Commonwealth's application for direct appellate review and now affirm the orders denying the writs of habeas corpus.

On July 17, 1984, the two petitioners were arrested in the Commonwealth pursuant to formal demands by the Governor of Maryland for their rendition under the Uniform Criminal Extradition Act (Uniform Act). See G. L. c. 276, §§ 11-20R (1984 ed.). The warrants were based on first degree rape charges against the petitioners arising from an incident that allegedly occurred in Kensington, Maryland, on April 18, 1984. At the time the incident allegedly occurred and at the time of their arrest, the petitioners, who are brothers, were fourteen and sixteen years old. Pursuant to Maryland law, the petitioners were charged as adults.[1] Since their arrest, the petitioners have been held in the custody of the Department of Youth Services (department). On July 31, 1984, the petitioners filed petitions for writs of habeas corpus in Superior Court seeking to be released from the custody of the department. After hearing, the judge denied the petitions. On appeal the petitioners argue that, as minors, they are not subject to the reach of the rendition clause of the United States Constitution and the Uniform Act. Instead, they contend that a State seeking

---

[1] A Maryland Juvenile Court does not have jurisdiction over "[a] child 14 years old or older alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment . . . ." Md. Cts. & Jud. Proc. Code Ann. § 3-804(e)(1) (Supp. 1985). A person convicted of first degree rape in Maryland "is subject to imprisonment for no more than the period of his natural life." Md. Ann. Code art. 27, § 462(b) (1982).

rendition of minors must proceed under the Interstate Compact on Juveniles (Compact), St. 1955, c. 687, as amended, rather than the Uniform Act. The petitioners further contend that, because they are minors, even if they are subject to the rendition clause and the Uniform Act, they are entitled to a probable cause hearing in Massachusetts, the asylum State, before rendition to Maryland. Finally, the petitioners argue that the requisitions presented by the Governor of Maryland demanding their rendition failed sufficiently to identify the petitioners as the individuals sought by Maryland authorities.

First we address the petitioners' argument that they are not subject to the interstate rendition clause of the United States Constitution and the Uniform Act because they are juveniles. The petitioners assert that due to their age they may be returned to Maryland only under the procedures outlined in the Compact. They contend, therefore, that the warrants for their arrest were improperly issued by the Governor of Massachusetts because Maryland authorities requested rendition under the Uniform Act. With this conclusion we cannot agree. Assuming without deciding that the interstate rendition clause and the Uniform Act would not apply where minors were charged as juveniles,[2] the petitioners' contention would have no bearing on the instant case because the petitioners are adults under Maryland law. Md. Cts. & Jud. Proc. Code Ann. § 3-804(e)(1). Md. Ann. Code art. 27, § 462(b). See *State* v. *Hardy,* 53 Md. App. 313, 315 (1982), aff'd, 301 Md. 124 (1984) (§ 3-804 vests initial jurisdiction in the criminal court for the crime of attempted first

---

[2] Although we do not need to decide the issue, the argument of the petitioners in this regard is not convincing. The rendition clause provides that: "A *Person* charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime" (emphasis added). U.S. Const., art. IV, § 2. This provision predates State statutes and interstate agreements making special provision for juveniles and does not contemplate any difference in treatment for criminal offenders based on age. Further, no other constitutional provision requires that minors be accorded procedural protections in addition to the usual due process protections afforded adults in criminal proceedings. See *Kent* v. *United States,* 383 U.S. 541, 554-556 (1966).

degree murder in case involving a fifteen-year old defendant); *Brafman* v. *State,* 38 Md. App. 465, 469 (1978) (Juvenile Court is without jurisdiction in case involving sixteen year old defendant charged with crime of rape).

The petitioners' argument that they are entitled to treatment as juveniles because under the law of the asylum State, Massachusetts, they could be treated as juveniles, is similarly not relevant to the situation presented in this case. Where the petitioners have been charged with a crime in the demanding State, the asylum State has an "obligation to deliver, without any reference to the character of the crime charged, or to the policy or laws of the State to which the fugitive has fled" under the interstate rendition clause of the United States Constitution. *Kentucky* v. *Dennison,* 65 U.S. (24 How.) 66, 103 (1861). The States that have considered the issue whether juvenile or adult procedures should apply to the interstate rendition of offenders who are minors have concluded that the law of the demanding State, where the offender is charged, controls the determination of an offender's status as a juvenile or an adult.[3] Any parens patriae interest in juveniles an asylum State might have does not extend to preventing alleged offenders from being brought to trial as swiftly as possible in the State where an alleged offense was committed. *Burnham* v. *Hayward,* 663 P.2d 65, 67 (Utah 1983). Because the petitioners are adults under Maryland law, Maryland authorities properly requested rendition under the Uniform Act. See *Commonwealth ex rel. Reyes* v. *Aytch,* 246 Pa. Super. 287, 291-292 (1976).

The petitioners next argue that, because they are minors, even if they are subject to rendition to Maryland under the

---

[3] *Petition of Harwell,* 180 Colo. 144 (1972). *Batton* v. *Griffin,* 241 Ga. 548 (1978). *Snyder* v. *State,* 95 Idaho 643 (1973). *People* v. *Pardo,* 47 Ill. 2d 420 (1970), appeal dismissed, 402 U.S. 992 (1971). *People ex rel. Butts* v. *Morehead,* 173 Misc. 1061 (N.Y. Sup. Ct. 1940). *Commonwealth ex rel. Colbert* v. *Aytch,* 478 Pa. 314 (1978). *In re Robert,* 122 R.I. 356 (1979). *Ex parte Jetter,* 495 S.W.2d 925 (Tex. Crim. App. 1973). *Burnham* v. *Hayward,* 663 P.2d 65 (Utah 1983). *State* v. *Ritter,* 74 Wis. 2d 227 (1976). *Interest of D.N.H.,* 147 N.J. Super. 1 (1977). *Commonwealth ex rel. Kelly* v. *Aytch,* 254 Pa. Super. 28 (1978). *Commonwealth ex rel. Reyes* v. *Aytch,* 246 Pa. Super. 287 (1976). See Annot., 73 A.L.R.3d 700 (1976 & Supp. 1985).

Uniform Act, they are entitled to a probable cause hearing in Massachusetts before they can be returned. This contention requires a review of the nature of the rendition proceeding in an asylum State. A rendition proceeding conducted in the asylum State is limited. *Upton, petitioner,* 387 Mass. 359, 361 (1982). Once the Governor of an asylum State has ordered rendition, a judge considering release on a writ of habeas corpus can only decide "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Michigan* v. *Doran,* 439 U.S. 282, 289 (1978). See *Upton, petitioner, supra* at 361. "If the documents submitted by a demanding State demonstrate that 'a judicial officer or tribunal there had found probable cause, Massachusetts would not need to find probable cause anew, nor would it need to review the adequacy of the [demanding State's] determination.'" *Consalvi, petitioner,* 376 Mass. 699, 702 (1978), quoting *Ierardi* v. *Gunter,* 528 F.2d 929, 931 (1st Cir. 1976).

The rendition documents in this case satisfy all formal requisites, with the possible exception that they do not in themselves establish that the petitioners are the persons sought. The documents include arrest warrants issued by a Maryland judicial officer who may issue a warrant only after making "a finding that there is probable cause to believe that the defendant committed the offense charged." Md. R. Crim. Causes 4-212(d) (1985). See *Consalvi, petitioner, supra* at 720; *Whitehouse, petitioner,* 18 Mass. App. Ct. 455, 458 (1984). These warrants are accompanied by a copy of the affidavit setting forth the particulars of the crime charged on which the Maryland determination of probable cause was based. Under art. IV, § 2, of the United States Constitution, we are bound to accept the demanding State's judicial determination that probable cause exists since the proceedings of the demanding State are accorded a presumption of regularity. *Michigan* v. *Doran, supra* at 290. The petitioners have not made a showing that the Maryland arrest warrant procedure does not guarantee the

requisite finding of probable cause to justify further inquiry by this court. See *Consalvi, petitioner, supra* at 702. The age of the petitioners does not alter this outcome because they have been charged as adults under Maryland law and their rendition is sought under the Uniform Act. Both cases upon which the petitioners rely to support their argument for an additional probable cause hearing in the asylum State are distinguishable from the case at bar because the petitioning parties in those two cases were treated as juveniles in the demanding State and rendition was sought under the Compact. See *Matter of the Welfare of Schy,* 20 Wash. App. 498, 499 (1978); *Matter of the Welfare of Wiles,* 15 Wash. App. 61, 62 (1976). In neither case did the court hold that an asylum State must hold a probable cause hearing before returning the juvenile to the demanding State.

We turn now to the petitioners' argument that the documents presented by the Governor of Maryland demanding their rendition failed to identify the petitioners as the individuals sought by Maryland authorities. The burden of proving that the petitioners are the persons charged and to be surrendered is on the respondent. *Baker, petitioner,* 310 Mass. 724, 731, cert. denied, 316 U.S. 699 (1942). See *Maldonado, petitioner,* 364 Mass. 359, 362 (1973). Here, the warrants and the accompanying documents identify the petitioners by name and contain descriptions of the individuals sought. The documents also describe the persons sought as brothers. The petitioners have identified themselves using the same names in the petitions filed with this court and have identified themselves as brothers. While identity of name without confirmatory facts or circumstances is not enough to establish identity of person, *Jacobs v. Hertz Corp.,* 358 Mass. 541, 544 (1970); *Ayers v. Ratshesky,* 213 Mass. 589, 594-595 (1913), "the inference which may be drawn from identity of names combined with slight additional evidence is sufficient to establish identity" of person. *Carvalho, petitioner,* 10 Mass. App. Ct. 824, 825 (1980). *Hamel, petitioner,* 8 Mass. App. Ct. 877, 877 (1977). Here the Commonwealth has provided the requisite additional evidence to establish identity in the form of photographs of the

petitioners authenticated by affidavits of witnesses to the crime with which the petitioners are charged. The introduction of these photographs and accompanying affidavits at the petitioners' rendition hearing was proper even though these materials were not presented by Maryland authorities along with the rendition request. The statute listing the documents required for a legally sufficient request for interstate rendition does not require the rendition request to contain evidence of identity. See G. L. c. 276, § 14. Evidence extrinsic to the documents accompanying the rendition request may be considered if identity is challenged by the petitioner at the rendition hearing. See *Baker, petitioner, supra* at 731. Combined with the information contained in the documents requesting rendition, the photographs constitute evidence sufficient to meet the Commonwealth's burden of establishing identity. See *id.* at 731-732; *Hamel, petitioner, supra* at 877.

On the issue of identity the petitioners also assert that the rendition documents fail to establish, as required by G. L. c. 276, § 14, that they were present in the demanding State when the crime with which they are charged occurred.[4] In *Baker, petitioner, supra* at 728, we stated that, where "it plainly appears . . . that [the petitioner] was charged with a crime, the nature of which required his presence at the time and place where the offence occurred, and that thereafter he fled to this Commonwealth," the demand is sufficient even though it does not expressly state that the petitioner was present in the demanding State at the time of the crime. The documents presented by Maryland authorities definitely meet the standard articulated in the *Baker* case in that the papers charge the petitioners with having committed the crime of first degree rape in Maryland and seek return of the petitioners from Massachusetts to Maryland to face these criminal charges.

*Orders denying petitions affirmed.*

---

[4] In raising this issue, the petitioners appear to contradict their acknowledgement that "the papers presented by the Governor of Maryland appear regular on their face and that they allege a crime has been committed in the State of Maryland."