# In re Eugene Lovejoy

[556 A.2d 79]

No. 88-518

Present: **Allen, C.J., Peck, Dooley and Morse, JJ.**

Opinion Filed December 9, 1988

*Walter M. Morris, Jr., Defender General*, and *Henry Hinton, Appellate Defender*, Montpelier, for Petitioner-Appellant.

*Lauren Bowerman, Chittenden County Deputy State's Attorney*, Burlington, for Respondent-Appellee.

**Dooley, J.** Petitioner appeals a superior court denial of his petition for a writ of habeas corpus, following his arrest and detention based on an outstanding warrant for his arrest in New Hampshire. We affirm.

Petitioner was first arrested in connection with the New Hampshire warrant on May 17, 1987. In *Lovejoy* v. *State*, 148 Vt. 239, 531 A.2d 921 (1987), we held that the resulting detention was illegal because the district court had failed to make the finding, required by 13 V.S.A. § 4955, that Lovejoy had "probably committed the crime." 148 Vt. at 243-44, 531 A.2d at 924. He was subsequently discharged after 54 days of dention but arrested and

again detained on July 31, 1988, based on the same New Hampshire warrant. After an additional 36 days in detention in Vermont on the same outstanding New Hampshire warrant, he filed a petition for a writ of habeas corpus with the Chittenden Superior Court, arguing that he had at that time been incarcerated for more than 90 days, in violation of 13 V.S.A. §§ 4955, 4957 as interpreted by this Court in *In re Hval*, 148 Vt. 544, 549-50, 537 A.2d 135, 139-40 (1987) (*Hval I*). Prior to any response by the Chittenden Superior Court and while petitioner was still detained, a Governor's extradition warrant was served on him, and he withdrew his petition. Thereafter, a new petition was filed, and three days later the court denied the petition on all but one ground, reserving the issue of petitioner's identity for an additional hearing. That hearing took place the following week, and the court rejected this last ground and dismissed the petition. The present appeal followed.

■ Petitioner argues that as of the end of his 90th day of detention he was entitled to be discharged from his prerequisition detention and that his continued detention thereafter, when the extradition warrant was served, was illegal. The present petition was filed well after service of the extradition warrant. We made it clear in *In re Hval*, 149 Vt. 58, 539 A.2d 537 (1987) (*Hval II*), however, that "[e]ven if there had been irregularities in petitioner's prerequisition detention, these irregularities are no bar to extradition once a rendition warrant is issued and received." *Id.* at 61, 539 A.2d at 539. See also *In re Saunders*, 138 Vt. 259, 263, 415 A.2d 199, 202 (1980); *In re Bryant*, 129 Vt. 302, 306, 276 A.2d 628, 631 (1971); *Whittington v. Bray*, 200 Colo. 17, 20, 612 P.2d 72, 75 (1980). Petitioner attempts to obtain a different result than *Hval II* by arguing a "fruit of poisonous tree" theory. He argues that *Hval II* didn't adopt such a theory because that decision made new law. In petitioner's view, now that the application of the 90-day prerequisition detention limit is clear, petitioner should not be subject to a Governor's warrant that reaches him only because he is illegally detained. We decline to adopt that theory here for the same reason that *Hval II* denied relief. The United States Constitution requires us to honor the Governor's warrant. Art. IV, § 2, cl. 2; *Hval II*, 149 Vt. at 62, 539 A.2d at 539 (citing *Puerto Rico v. Branstad*, 483 U.S. 219, 226-27, 107 S. Ct. 2802, 2807 (1987)); *Michigan v. Doran*, 439 U.S. 282, 289 (1978).

■ Petitioner next argues that the procedure for identifying the accused in a Governor's warrant under 13 V.S.A. § 4943 allows an ex parte deprivation of an individual's liberty without requiring proof of identity, and that this statutory provision is therefore constitutionally infirm. The trial court responded to this argument by holding a hearing for presentation of argument and evidence on the identity question. At the hearing, the State presented a photocopy of a photograph of the person to be extradited along with an affidavit from a New Hampshire police officer stating the date of birth of the person to be extradited. Petitioner conceded that he was Eugene Lovejoy, but did not concede that he was *the* Eugene Lovejoy sought by New Hampshire under the outstanding warrant. After stating his name, petitioner declined to answer questions that might have tended to corroborate his identity, asserting his privilege against self-incrimination.

We see no constitutional infirmity in the statutory procedure. See *Baker* v. *McCollan,* 443 U.S. 137, 144 (1979). In all arrest circumstances, there may be an identification issue. An early opportunity to appear before a judical officer to contest the arrest fulfills any constitutional requirements. See V.R.Cr.P. 4(f)(2)(C), 5(c). The extradition procedure requires that the person arrested be taken forthwith before a judge and be given the opportunity to contest the arrest. 13 V.S.A. § 4950.

■ Nor do we find that the proof of identification was deficient in this case. The State must make a prima facie showing that the accused is the same person sought in the Governor's warrant. Petitioner's name and age and copy of the photograph were sufficient for such a prima facie showing. Once the initial case is made, it is petitioner's burden to demonstrate that the State is detaining the wrong person. *Cates* v. *Cronin,* 194 Colo. 89, 90, 570 P.2d 524, 525 (1977).*  In the present case petitioner failed to carry that burden. His reliance on a self-incrimination right to

---

* Petitioner has relied on a number of decisions from other states which, he argues, impose a higher identification standard. We have examined these decisions and believe that the identification in this case would be sufficient under petitioner's precedents. Two decisions are from Colorado and reaffirm the holding of *Cates* v. *Cronin* while amplifying that the prima facie showing is not made by the name alone where there is a discrepancy in the name or it is imprecise. See *Moore* v. *Simonet,* 696 P.2d 823 (Colo. 1985) (discrepancy in the name); *Cates* v. *Sullivan,* 696 P.2d 322 (Colo. 1985) (identity was with an "a/k/a" name). There is no discrepancy or imprecision in the name in this case. Another decision imposes a burden on the State to show an identity of name along

prevent further factual development was spurious since the habeas corpus proceeding does not examine into guilt or innocence of the accused. See *In re Norse*, 125 Vt. 460, 218 A.2d 456, 457 (1966).

Finally, petitioner's complaint that New Hampshire's affidavit relied on hearsay statements does not change the outcome. See *In re Ropp*, 149 Vt. 154, 156, 541 A.2d 84, 85-86 (1987).

*Affirmed.*

with "slight additional evidence." *A Juvenile*, 396 Mass. 116, 484 N.E.2d 995 (1985). This burden is met in this case.