# In re Thomas Haynes

[583 A.2d 88]

No. 90-109

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed October 5, 1990

*Walter M. Morris, Jr.*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Petitioner-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *David E. Tartter*, Assistant Attorney General, Montpelier, for Respondent-Appellee.

**Gibson, J.** Thomas A. Haynes (petitioner) brought a habeas corpus proceeding in Franklin Superior Court to prevent his extradition to Ohio. The court denied his petition, and he now appeals to this Court. The sole issue on appeal is whether the rendition request from Ohio sufficiently identified Mr. Haynes. We affirm.

Petitioner was arrested on November 20, 1989, in Barre, Vermont and brought before the Barre District Court later that day. On December 13, 1989, a governor's warrant was served on petitioner pursuant to an interstate rendition request by the State of Ohio. The rendition request included identification documents such as fingerprints, photographs, and a "prisoner's description" providing information about height, weight, eye color, hair color, and scars. Each of the identification documents bears the name "Thomas Andrew Haynes." There was, however, nothing in any of the documents that specifically linked the Thomas Andrew Haynes in the identification materials to

the Thomas A. Haynes named in the indictment and cover letter.

At the 13 V.S.A. § 4950 hearing held on December 19, 1989, petitioner indicated that he intended to challenge the governor's warrant. His habeas corpus petition, filed on January 19, 1990, was heard on February 9, 1990. Throughout the hearing, petitioner maintained that the "warrant itself must make a prima facie case of identity." The court rejected this argument and concluded that there need only be an identity of names between the prisoner and the warrant. Over petitioner's objection, the court also allowed the State to introduce evidence extrinsic to the warrant and rendition request on the issue of identity. This supplemental evidence included testimony of petitioner's father-in-law, Terrence Hamlin (who identified petitioner as Thomas A. Haynes*), and an affidavit of petitioner's co-indictee, Damon Harp, with photographs appended, identifying petitioner as the person in the photographs. At the conclusion of the hearing the court denied the habeas corpus petition.

Petitioner does not appeal from the superior court's conclusion that he is, in fact, the person sought by Ohio. Instead, he argues that the "paperwork" provided by the State of Ohio in its rendition request inadequately identified him. Petitioner argues for a rule requiring that the governor's warrant be supported in the rendition request by some identification information in addition to identity of name. In support, he contends that the identification material supplied by Ohio in its interstate rendition request cannot be considered because there is no document that specifically links the Thomas Andrew Haynes named on the identification documents to the Thomas A. Haynes named in the rendition request and accompanying indictment. He adds that there is more than one "Thomas Haynes" in the greater Cincinnati area, as indicated from telephone, drivers' license, and vehicle registration records from Ohio, Indiana, and Kentucky.

---

* Hamlin testified that he called the petitioner Andy Haynes, but that he had been told by his daughter that the petitioner's full name was Thomas Andrew Haynes.

■■ In Vermont, there is no statutory requirement that a demanding state's rendition request include proof of identity. See 13 V.S.A. § 4943. We have recently upheld the constitutionality of § 4943. *In re Lovejoy*, 150 Vt. 588, 590, 556 A.2d 79, 80 (1988) ("An early opportunity to appear before a judicial officer to contest the arrest fulfills any constitutional requirements."). Cases from other jurisdictions have held that a rendition request does not need to include proof of identity, other than the name of the person to be arrested. See *Torrey v. Williams*, 388 A.2d 921, 922 (Me. 1978) ("identity of names gives rise to a rebuttable presumption of identity"); *A Juvenile*, 396 Mass. 116, 121–22, 484 N.E.2d 995, 999 (1985) (although identity of names must be combined with "slight additional evidence" in order to establish identity of person, it is not necessary that the additional evidence be a part of the rendition request); *Dovel v. Adams*, 207 Neb. 766, 769, 301 N.W.2d 102, 103 (1981) (identity of names is sufficient to establish prima facie case of identity); *Thomas v. O'Brien*, 98 N.H. 111, 113, 95 A.2d 120, 121 (1953) (omission of personal description of accused or other identification, other than name and date and place of crime, did not invalidate the rendition); see generally Annotation, *Necessity and Sufficiency of Identification of Accused as the Person Charged, to Warrant Extradition*, 93 A.L.R.2d 912 § 11 (1964 & Supp 1983 & Supp 1990) (collecting cases on presumption of identity arising from identity or similarity of names). Accordingly, we hold that Ohio's rendition request adequately identifies the petitioner.

Petitioner's reliance on *Ayers v. Ratshesky*, 213 Mass. 589, 101 N.E. 78 (1913), and *In re Hamel*, 8 Mass. App. Ct. 877, 391 N.E.2d 962 (1979), is misplaced. *Ayers* did involve an issue of identity, but in the totally different context of a negligence suit. *Ayers*, 213 Mass. at 593–94, 101 N.E. at 80. In *Hamel*, the issue was the sufficiency of the evidence at the hearing that occurred subsequent to the arrest. *Hamel*, 8 Mass. App. Ct. at 877, 391 N.E.2d at 963. In contrast, the issue here is the sufficiency of the paperwork supplied by the demanding state, an earlier event in the statutory framework. We note that while Massachusetts requires the prosecution to establish identity at the rendition hearing, it does not require, as petitioner asks of us, that the rendition request itself meet the State's burden in es-

tablishing identity. See *A Juvenile*, 396 Mass. at 122, 484 N.E.2d at 999.

In any event, Ohio's rendition request contained considerable identification material, including fingerprints, a physical description, and photographs, to support its request. Upon being arrested, the petitioner was given an early opportunity to contest his arrest. At his hearing, he was unable to overcome the State's prima facie case or the additional evidence presented by the State that he is the person sought by the State of Ohio. See *In re Lovejoy*, 150 Vt. at 590, 556 A.2d at 80.

*Affirmed.*