[No. 50129-1-I. Division One. February 24, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. SHAWN PATRICK COOK, *Appellant*.

*Elaine L. Winters,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *John B. Castleton, Jr., Deputy,* for respondent.

ELLINGTON, J. — Under the Uniform Interstate Compact on Juveniles, chapter 13.24 RCW, Texas requested the rendition of Shawn Patrick Cook to face charges for crimes he allegedly committed in Texas as a juvenile. Cook is now an adult and resists application of the juvenile compact. Because Cook was properly charged as a juvenile under Texas law, Washington must honor Texas's rendition request. We affirm.

## FACTS

In March of 1999, the Lubbock County, Texas, District Attorney's Office charged Shawn Cook with two counts of aggravated sexual assault, alleged to have been committed

on or about January 1, 1994, when Cook was 14 years old.[1] Lubbock County juvenile court issued a warrant for Cook's arrest. Cook had moved to Washington with his mother, and was arrested in King County on the Texas warrant. The Lubbock County District Attorney's Office formally requested his return to Texas under the Uniform Interstate Compact on Juveniles. The King County juvenile court ordered Cook returned to Texas, but stayed its order pending this appeal.

## DISCUSSION

The Uniform Interstate Compact on Juveniles (the Compact) governs, among other things, the return from one state to another of delinquent juveniles who have escaped or absconded. Both Washington and Texas have adopted the Compact,[2] including the provision governing return of those charged but not yet adjudicated:

> All provisions and procedures of Articles V and VI of the interstate compact on juveniles shall be construed to apply to any juvenile charged with being a delinquent by reason of a violation of any criminal law. Any juvenile charged with being a delinquent by reason of violating any criminal law, shall be returned to the requesting state upon a requisition to the state where the juvenile may be found.[3]

Cook contends the Compact does not apply to him because he is not a juvenile. The State responds that because the Texas juvenile court had jurisdiction under Texas law and Texas made a proper rendition request, the Compact requires Washington to honor the demand. We agree.

■■ A statute's meaning is a question of law that is reviewed de novo.[4] The Compact is to be construed liber-

---

[1] Cook was born on December 31, 1979.

[2] *See* RCW 13.24.010; TEX. FAM. CODE ANN. § 60.002, Art. V.

[3] RCW 13.24.035(2)(a); *see also* TEX. FAM. CODE ANN. § 60.004, RENDITION AMENDMENT (b).

[4] *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

ally.[5] Because the Compact does not specifically define the word "juvenile,"[6] extradition cases have typically looked to the law of the demanding state to determine whether the person charged is a juvenile.[7] Cases under the Uniform Criminal Extradition Act (UCEA), chapter 10.88 RCW, have likewise found the demanding state's determination of juvenile status controlling.[8]

 Cook contends he is not a juvenile under Texas law, because the Texas Juvenile Justice Code defines a "child" as a person who is "(A) ten years of age or older and under 17 years of age; or (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age."[9] But under Texas law, this definition is not dispositive. The Texas juvenile court has exclusive original jurisdiction over all proceedings involving a person 18 years or older who is alleged to have committed a crime while a child.[10] The juvenile court may transfer the matter to adult court if certain criteria are met; otherwise the court

[5] RCW 13.24.010, Art. I; TEX. FAM. CODE ANN. § 60.002, Art. I.

[6] Article IV, which addresses the return of delinquent runaways, uses the following definition, for purposes of that article only: " '[J]uvenile' as used in this article means any person who is a minor under the law of the state of residence of the parent, guardian, person or agency entitled to the legal custody of such minor." RCW 13.24.010, Art. IV(c).

[7] *See Commonwealth ex rel. Colbert v. Aytch*, 246 Pa. Super. 278, 369 A.2d 1321, 1323 (1976).

[8] *See A Juvenile*, 396 Mass. 116, 484 N.E.2d 995, 997 (1985) (asylum state obliged to deliver those charged with crimes in other states " 'without any reference to the character of the crime charged, or to the policy or laws of the State to which the fugitive has fled' under the interstate rendition clause of the United States Constitution" (quoting *Kentucky v. Dennison*, 65 U.S. 66, 103, 16 L. Ed. 717 (1860)); *Ex parte Jetter*, 495 S.W.2d 925, 925 (Tex. Crim. App. 1973) (whether appellant would have to be certified as an adult to stand trial was solely a question for the demanding state to resolve after extradition); *Burnham v. Hayward*, 663 P.2d 65, 68 (Utah 1983) (juvenile subject to "summary and mandatory" extradition proceedings, as required by the UCEA, which is " 'ancillary to and in aid' " of the United States Constitution's interstate rendition clause, article IV, section 2, clause 2 (quoting *In re Robert*, 122 R.I. 356, 406 A.2d 266, 268 (1979))).

[9] TEX. FAM. CODE ANN. § 51.02(2).

[10] TEX. FAM. CODE ANN. § 54.02(j).

must dismiss.[11] Thus, in Texas, Cook is a juvenile (although not a child) for purposes of the exclusive, original jurisdiction of the juvenile court. Texas has so alleged in its request under the Compact. Further scrutiny of the policies or laws of the demanding state is not the task of Washington courts.[12] A person who is subject to the original, exclusive jurisdiction of a juvenile court is a juvenile for purposes of the Compact.

Under Texas Family Code § 51.04(a), Lubbock juvenile court exercised its exclusive original jurisdiction over Cook for a crime he allegedly committed as a child. Because Cook was properly charged as a juvenile under Texas law, the Texas rendition request meets the requirements of the Compact's rendition amendment, RCW 13.24.035. Washington must therefore honor Texas's rendition request.

Affirmed.

GROSSE and BAKER, JJ., concur.

Review denied at 150 Wn.2d 1005 (2003).

---

[11] TEX. FAM. CODE ANN. § 54.02(j); *see In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999).

[12] *See A Juvenile*, 484 N.E.2d at 997; *see also In re Interest of Storm*, 223 N.W.2d 170, 172-73 (Iowa 1974).